[Cite as *Rose v. Rose*, 2013-Ohio-5136.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99933**

# GARY ROSE

PLAINTIFF-APPELLANT

vs.

# DRAZANA ROSE

DEFENDANT-APPELLEE

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-262110

**BEFORE:** Keough, J., Boyle, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** November 21, 2013

**ATTORNEY FOR APPELLANT**

Kevin J.M. Senich
4438 Pearl Road
Cleveland, Ohio 44109

**ATTORNEY FOR APPELLEE**

Laurence A. Turbow
Laurence A. Turbow, L.P.A., Inc.
4403 St. Clair Avenue, Suite 300
Cleveland, Ohio 44103

KATHLEEN ANN KEOUGH, J.:

{¶1} Plaintiff-appellant, Gary Rose, appeals from the trial court's judgment that overruled his objections and adopted the magistrate's decision that found him in contempt and ordered him to pay defendant-appellee, Drazana Rose, $5,000 plus statutory interest from June 14, 2000, and attorney fees in the amount of $3,887.50. For the reasons that follow, we affirm.

## I. Background

{¶2} Gary and Drazana were divorced on June 15, 2000. The divorce decree adopted the parties' separation agreement, wherein the parties agreed that Gary would pay Drazana $5,000 for her equity in the marital home and $10,000 in spousal support as follows: $5,000 on or before June 1, 2005 and $5,000 on or before June 1, 2010. The parties further agreed to the following penalties for missed payments:

> If the husband fails to pay the wife $5,000 within 90 days of the journalization of this decree then husband shall be responsible to pay wife the entire $15,000 due hereunder for which judgment shall be rendered and execution may issue. If the husband fails to pay the wife the sum of $5,000 due June 1, 2005, within 30 days of that date, then the husband shall be responsible to pay the wife the entire remaining balance of $10,000 due hereunder including interest at the statutory rate from June 14, 2000 on the remaining balance. If the husband fails to pay to the wife the sum of $5,000 due on June 10, 2010 within 30 days of that date, then the husband shall be responsible to pay the wife the remaining balance of $15,000 due hereunder including interest at the statutory rate from June 14, 2000 on the remaining balance.

{¶3} Gary timely paid Drazana $5,000 for her equity in the marital home and timely made the $5,000 spousal support payment due on June 1, 2005. He did not make

the $5,000 payment due on June 1, 2010.

{¶4} Nearly two years later, on March 12, 2012, Drazana filed a motion to show cause why Gary should not be held in contempt for his failure to pay the $5,000 he still owed her. The motion was heard by a magistrate on January 10, 2013. The magistrate subsequently issued a decision containing findings of fact and conclusions of law. The magistrate found Gary in contempt and granted judgment to Drazana in the amount of $5,000, plus statutory interest from June 14, 2000. The magistrate further ordered that Gary pay Drazana attorney fees related to her motion to show cause in the amount of $3,887.50.

{¶5} Finally, the magistrate sentenced Gary to 30 days in jail on the contempt finding. The magistrate ordered, however, that Gary's sentence "will be purged provided that the Support Obligor [i.e., Gary] fully satisfies, or makes written arrangements with the Defendant [i.e., Drazana] to fully satisfy, the aforementioned judgment for '$5,000 plus statutory interest from 6/14/2000' within 30 days of the journalization of this order."

{¶6} Gary subsequently filed objections to the magistrate's decision. The trial court overruled Gary's objections and adopted the magistrate's decision. Gary now appeals from the trial court's judgment.

## II. Analysis

{¶7} A trial court may employ sanctions to coerce a party who is in contempt into complying with a court order. *Whitman v. Monastra*, 8th Dist. Cuyahoga No. 76633,

2000 Ohio App. LEXIS 4637, *17 (Oct. 5, 2000).  However, any sanction for civil

contempt must allow the contemnor an opportunity to purge the contempt.  *Id.*, citing

*Carroll v. Detty*, 113 Ohio App.3d 708, 712, 681 N.E.2d 1383 (4th Dist.1996).  A trial

court abuses its discretion by ordering purge conditions that are unreasonable or where

compliance is impossible.  *Burchett v. Miller*, 123 Ohio App.3d 550, 552, 704 N.E.2d

636 (6th Dist.1997).

{¶8}  In his single assignment of error, Gary argues that the trial court abused its

discretion by imposing a purge order that was unreasonable and impossible to comply

with.

{¶9}  The trial court offered Gary two ways to purge his contempt and avoid the

30-day jail sentence.  The first condition required Gary to pay Drazana $10,729.90[1]

within 30 days of the journalization of the trial court's order.  Gary argues that this

condition was unreasonable because although the trial court found that his income had

decreased substantially from the date of the divorce decree, it made no finding that he had

the financial ability to satisfy the outstanding obligation.  Gary contends that it was

unreasonable for the trial court to find that he was in contempt for not paying Drazana

$5,000 in 2010 but then order that he could purge the contempt by making a lump sum

payment to her of $10,729.90.

{¶10}  But unsupported claims of financial difficulty or an inability to pay are

_____

[1] The $5,000 missed payment plus statutory interest from June 14, 2000 to
January 10, 2013.

insufficient to establish that the trial court's conditions are unreasonable. *See Pettit v. Pettit*, 8th Dist. Cuyahoga No. 64582, 1993 Ohio App. LEXIS 6200, *12. Here, Gary did not demonstrate that he could not make the payment. Indeed, the magistrate specifically found that although Gary claimed he did not have money to pay Drazana, he offered no evidence of his actual income or expenses from the time of the divorce until the contempt hearing.

{¶11} Moreover, the magistrate found that Gary's testimony regarding his alleged inability to pay Drazana in compliance with the divorce decree was "lacking in credibility." Rather, the magistrate found that "[t]he evidence that is credible and convincing makes it clear that it was not the Plaintiff's lack of ability to comply with the court's order, but his lack of will to do so that pertained, and continues to do so." The magistrate based this conclusion on "credible and convincing evidence" that in the years 2010 and 2011, Gary received tax refunds of $4,000 and $3,500 respectively but paid none of these funds to Drazana. The magistrate noted that "[t]he lack of even a partial payment to the Defendant indicates a lack of good faith on the part of the Plaintiff with regard to his obligations under the Court order." Without any evidence that he was unable to pay Drazana, Gary failed to demonstrate that the trial court's requirement of a lump sum payment to Drazana was an unreasonable condition to purge his contempt.

{¶12} In the alternative, the trial court ordered that Gary could purge the contempt finding by making written arrangments with Drazana regarding how he would fully satisfy the judgment.

**{¶13}** Gary first argues that this condition is unreasonable because it is ambiguous as to when it must be fulfilled. We find no ambiguity. The trial court ordered that the contempt could be purged if, within 30 days of the journalization of the court's order, Gary made written arrangements with Drazana regarding how he would fully satisfy the judgment.

**{¶14}** Gary next argues that this condition is impossible to comply with because he cannot force Drazana to agree to any payment arrangement. Gary's assertion of impossibility seems highly dubious in light of Drazana's interest in obtaining payment from Gary. But more importantly, Gary offered no evidence whatsoever to support his claim of impossibility; he merely claims that it would be impossible to obtain a written agreement from Drazana because the divorce proceedings were long and contentious. Without any evidence, Gary's unsupported claim is insufficient to demonstrate that it would be impossible to satisfy the purge condition.

**{¶15}** We find that Gary has failed to present any evidence to establish that the trial court's purge conditions were unreasonable and impossible for him to satisfy. Accordingly, we hold that the trial court did not abuse its discretion in imposing the purge conditions. The assignment of error is overruled.

**{¶16}** Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into

execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
MARY EILEEN KILBANE, J., CONCUR