[Cite as *Hissa v. Hissa*, 2014-Ohio-1508.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 99498 and 100229**

## JOANNE HISSA

PLAINTIFF-APPELLEE

vs.

## EDWIN HISSA

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART
AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-97-256928

**BEFORE:** Jones, P.J., Rocco, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 10, 2014

**ATTORNEY FOR APPELLANT**

James L. Lane
Hermann, Cahn & Schneider, L.L.P.
1301 East Ninth Street, Suite 500
Cleveland, Ohio 44114


**ATTORNEY FOR APPELLEE**

Gregory J. Moore
Stafford Law Co., L.P.A.
55 Erieview Plaza, 5th Floor
Cleveland, Ohio 44114

LARRY A. JONES, SR., P.J.:

{¶1} This post-decree divorce matter comes up on appeal for the sixth time and represents two consolidated appeals, 8th Dist. Cuyahoga Nos. 99498 and 100229. Both defendant-appellant/cross-appellee, Edwin Hissa, and plaintiff-appellee/cross-appellant, Joanne Hissa, raise issues with regard to various trial court orders dealing with the trial court's holding Edwin in contempt, and the court's award of statutory interest, attorney fees, and distribution of assets. For the reasons that follow, we affirm in part and reverse in part.

## I. Procedural History and Facts

{¶2} Joanne and Edwin were married in 1985 and have two children, now emancipated. In 1997, Joanne filed for divorce; Edwin filed a counterclaim. The parties were divorced in 2001. As part of the divorce, Edwin was ordered, in part, to transfer his life insurance policies to Joanne; pay a portion of her attorney fees; pay her his interest, $296,606, in the Edwin A. Hissa, M.D., Inc. Profit Sharing Plan and Trust; and pay a property division award of $143,032.

{¶3} Both parties appealed the original divorce decree, resulting in a decision by this court that the trial court abused its discretion by affirming the magistrate's decision to exclude Edwin's expert's valuation of his medical practice. *Hissa v. Hissa*, 8th Dist. Cuyahoga Nos. 79994 and 79996, 2002-Ohio-6313 ("*Hissa I*").[1]

[1]Three other appeals, *Hissa II - Hissa IV*, were brought between 2002 and 2007, all of which were either dismissed by one of the parties or by this court for lack of a final appealable order.

**{¶4}** In 2009, Edwin filed another appeal and Joanne cross-appealed. *Hissa v. Hissa*, 8th Dist. Cuyahoga Nos. 93575 and 93606, 2010-Ohio-3087 ("*Hissa V*"). Edwin argued that the trial court abused its discretion in valuing his medical practice at $553,000, rather than $321,598; Joanne argued the trial court should have valued the practice at $650,000. Edwin also claimed that the trial court erred by increasing the marital debt to the estate of Joanne's father after the matter was remanded in *Hissa I*.

**{¶5}** This court found that the trial court had the discretion to value the medical practice at $553,000, but the court did err when it revised the amount of the marital debt. *Hissa V* at ¶ 27, 33. This court further found that the law of the case doctrine precluded Edwin from raising the claim that he should not have been charged with the debt to the estate of Joanne's father without some setoff against the division of marital property. *Id.* at ¶ 43.

**{¶6}** This court further found that the issues raised in Joanne's cross- appeal were moot and the case was remanded to the trial court with instructions to reinstate the debt amount of $83,500 to the estate of Joanne's father. *Id.* at ¶ 51, 59.

**{¶7}** In May 2010, Joanne filed a motion to show cause and for attorney fees. Joanne argued that Edwin was in contempt of court for failing to comply with the original divorce decree and subsequent order by the court. The magistrate held a hearing over two days in February 2011.

**{¶8}** Edwin testified that the court had held him in contempt on four to six previous occasions — he had twice been to jail and twice had his driver's license taken away as

punishment for the contempt findings. As of the date of the hearing, he was 58 years old and expected to earn in excess of $500,000 in 2011. Joanne testified to a current gross income of $57,000 from which she supported herself and her adult children, who lived with her. Joanne further testified that she had to withdraw $13,000 from her retirement fund to pay for expenses.

{¶9} Edwin failed to produce copies of his tax returns despite being ordered to do so by the court. He testified that he lived in a $500,000 house titled in his girlfriend's name and that he titled the house in her name to avoid his creditors. Edwin denied titling the house in his girlfriend's name to avoid paying his debt to Joanne. Edwin claimed that he had no assets in his name other than his paycheck and "some money in the bank." Edwin admitted to paying his attorney $20,000 and making one payment on the property division debt to Joanne for $20,000 in January 2011.

{¶10} The magistrate subsequently issued a decision, to which the parties filed their preliminary objections. The trial court adopted the magistrate's decision in part. The court found that Edwin was in contempt of court for failing to comply with the June 25, 2009 judgment entry ordering him to make regular and consecutive monthly payments of $3,000 to Joanne until his $143,032 obligation on the property division award was fulfilled.

{¶11} The trial court found that the $30,000 award of attorney fees to Joanne was reasonable and awarded an additional $40,000 judgment to Joanne as value for Edwin's life insurance policies. But the court found that the magistrate erred in calculating the

amount of statutory interest owed to Joanne.

**{¶12}** The court held that Edwin was entitled to a $20,000 credit towards the judgment for the payment he made to Joanne in January 2011, and ordered Edwin to turn over the wine cooler to Joanne within 30 days from the date of the court's order; Edwin had previously been ordered to sell the wine cooler and split the proceeds with Joanne.

**{¶13}** Finally, the trial court sentenced Edwin to 90 days in jail for contempt, but stated that the sentence would be purged if he fully satisfied the judgment within 60 days.

**{¶14}** Edwin made no payments toward the judgment and on August 6, 2013, the trial court sentenced him 15 days in jail and ordered him to perform 125 hours of community service.

## II.   Law and Analysis

**{¶15}** For ease of analysis and understanding, we address some of the parties' assigned errors together or in conjunction with assigned errors raised by the other party.

**Standard of Review**

**{¶16}** Pursuant to Civ.R. 53(D)(4)(d), a trial court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." The trial court must conduct a de novo review of the facts and an independent analysis of the issues to reach its own conclusions about the issues in the case. *Kapadia v. Kapadia*, 8th Dist. Cuyahoga No. 94456, 2011-Ohio-2255, ¶ 9, citing *Inman v. Inman*, 101 Ohio App.3d 115, 655 N.E.2d 199 (2d Dist.1995).

**{¶17}** An appellate court's review is more limited. A trial court's ruling on objections to a magistrate's decision will not be reversed absent an abuse of discretion. *Gobel v. Rivers*, 8th Dist. Cuyahoga No. 94148, 2010-Ohio-4493, ¶ 16. An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable, not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). An "abuse of discretion" is thus a term of art that describes a judgment comporting neither with the record nor reason. *See, e.g., State v. Ferranto*, 112 Ohio St. 667, 676-678, 148 N.E. 362 (1925).

**Contempt**

**{¶18}** Edwin raises three assignments of error relating to his contempt finding:

I. The trial court erred and abused its discretion by finding appellant in contempt of court.

VI. The trial court erred and abused its discretion by sentencing appellant to ninety days in jail as punishment for his contempt of court.

VII. The trial court erred and abused its discretion by establishing a purge order for appellant's contempt which is unreasonable, unduly harsh, and impossible for him to comply with.

**{¶19}** Contempt is defined as a disregard of, or disobedience to, an order or command of judicial authority. *Kapadia v. Kapadia*, 8th Dist. Cuyahoga No. 96910, 2012-Ohio-808, ¶ 26, citing *State v. Flinn*, 7 Ohio App.3d 294, 455 N.E.2d 691 (9th Dist.1982). In ordering a contempt sanction, a trial court enjoys both civil and criminal contempt powers. *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 253, 416 N.E.2d 610

(1980). "While both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character and purpose of the punishment." *Id.* at 253. "The purpose of a civil contempt sanction is to coerce or remedy the party harmed, whereas the purpose of a criminal contempt is to punish the contemnor for past violations of the court's orders as a means to vindicate the court." *Deacon v. Deacon*, 8th Dist. Cuyahoga No. 91609, 2009-Ohio-2491, ¶80 , citing *State v. Kilbane*, 61 Ohio St.2d 201, 206-207, 400 N.E.2d 386 (1980). The burden of proof for civil contempt is clear and convincing evidence. *Flowers v. Flowers*, 10th Dist. Franklin No. 10AP-1176, 2011-Ohio- 5972, ¶ 9.

{¶20} R.C. 2705.02 provides that disobedience of a lawful order of the court may be punished as contempt. Therefore, contempt proceedings may be brought against a party for failing to comply with a property division in a divorce decree. *Marx v. Marx*, 8th Dist. Cuyahoga No. 82021, 2003-Ohio-3536, ¶ 15. Additionally, punishment for violation of divorce decree provisions does not impinge upon the constitutional prohibition against imprisonment for debts. *Harris v. Harris*, 58 Ohio St.2d 303, 311, 390 N.E.2d 789 (1979).

{¶21} We also review a contempt finding under an abuse of discretion standard. *Kapadia*, 2012-Ohio-808, ¶ 22, citing *In re Contempt of Modic*, 8th Dist. Cuyahoga No. 96598, 2011-Ohio-5396, ¶ 7.

{¶22} Edwin claims that the trial court erred in finding him in contempt of court for (1) failing to pay the property division award of $143,032; (2) failing to pay the attorney

fee award of $25,000; and (3) failing to sell the parties' wine cooler and divide the proceeds with Joanne.

**{¶23}** According to Edwin, the trial court's June 25, 2009 order, provided that, upon his failure to pay the property division debt to Joanne in a timely manner, the debt was automatically reduced to judgment. Furthermore, Edwin argued, once reduced to judgment, the court could not hold him in contempt, or imprison him, for his failure to pay the judgment. To support his argument, Edwin cites *Sizemore v. Sizemore*, 12th Dist. Warren No. CA2009-04-045, 2010-Ohio-1525, where the court held it was unconstitutional to hold a party in contempt for failing to pay a child support arrearage that had been reduced to a lump sum arrearage.

**{¶24}** The pertinent June 25, 2009 trial court order stated, in part:

IT IS FURTHER ORDERED that Edwin Hissa pay Joanne Hissa, effective August 1, 2009, and on the first day of each consecutive month thereafter until she is paid in full the sum of $143,032.00 * * *   at the rate of $3,000 monthly * * * then no lump sum judgment and no interest shall be granted on said sum.

IT IS FURTHER ORDERED that should Edwin Hissa fail, refuse, or neglect

to pay * * * judgment shall be granted the plaintiff and interest shall be due

on the balance due at the statutory rate in effect, and subject to execution. * *

*

**{¶25}** In its January 10, 2013 judgment entry, which is the subject of this appeal, the trial court expressly found that Edwin's property division debt had not been reduced to judgment. The court noted that its June 25, 2009 order provided that in the event Edwin

did not comply with the payment schedule, Joanne would be eligible for a judgment. The trial court determined that the June 2009 order did not have the effect of reducing Edwin's obligation to an actual judgment, but rather "established a condition where [Joanne] would be entitled to a Judgment if [Edwin] did not comply with a payment schedule." January 10, 2013 Judgment Entry.

{¶26} We agree with the trial court. The plain language of the June 25, 2009 order entitled Joanne to a judgment if Edwin defaulted on his payment schedule. But the record does not reflect that the debt was ever reduced to judgment.

{¶27} Edwin further argues that the $25,000 attorney fee award was reduced to judgment and the trial court erred when it found him in contempt for failing to pay it.

{¶28} The original divorce decree granted Joanne a $25,000 judgment for attorney fees, which Edwin never paid. In its January 10, 2013 judgment entry, the trial court noted that the $25,000 attorney fee award had been reduced to judgment. But the trial court did not find Edwin in contempt for failing to pay the award, nor did the trial court make payment of the $25,000 attorney fee award a purge condition; therefore, Edwin's argument has no merit.

{¶29} Edwin also argues that the trial court erred in finding him in contempt for failing to sell and divide the proceeds of the parties' wine cooler. We disagree and find that the there was competent, credible evidence to support the trial court's finding.

{¶30} The trial court's finding of contempt was not an abuse of discretion. The record is replete with evidence of Edwin's repeated refusals to follow court orders and he

has failed to produce documents or evidence to support his claims. He has also repeatedly refused to pay Joanne her share of the divorce settlement. It is by Edwin's own misconduct, omissions, and complete disregard for the court's orders that resulted in him being found in contempt.

**Jail Sentence**

{¶31} Edwin argues that the trial court erred in sentencing him to 90 days in jail should he fail to purge his contempt. After issuing the January 10, 2013 judgment entry, the record reflects that Edwin failed to purge his contempt, but the trial court imposed a sentence of 15 days in jail and 125 hours of community service.[2]

{¶32} R.C. 2705.05 allows a court, after holding a hearing, to impose a sentence upon a contemnor of up to 90 days in jail for a third or subsequent offense. The magistrate found, and the trial court agreed, that Edwin had been found in contempt of court four to six times prior to the February 2011 hearing. Edwin has owed Joanne on the property division debt since June 21, 2001, and has made only one payment of $20,000; a payment he made in 2011. The magistrate found Edwin to be "arrogant, argumentative, and evasive" in his testimony. The magistrate noted that Edwin once again refused to produce the documents the court had ordered him to produce, which undermined his credibility. Both the magistrate and trial court noted Edwin's blatant defiance against court orders and complete refusal to pay towards his obligation despite his ability to do so.

---

[2]Edwin served 6 days in jail before he was granted an appellate bond.

**{¶33}** Despite the court's clear warning that it would impose a 90-day jail sentence, Edwin still refused to take any steps towards purging his contempt. Based on these facts, the court's decision to impose a jail sentence was not an abuse of its discretion. The imposition of the jail sentence was consistent with the prior warnings of the court and Edwin's repeated failure to comply with court orders; thus, the jail sentence constituted a permissible consequence for Edwin's failure to purge in this case.

**{¶34}** Accordingly, we find that the trial court's jail sentence was supported by clear and convincing evidence and was consonant with the objectives of civil contempt. Therefore, the trial court did not abuse its discretion in sentencing Edwin to jail as a civil contempt sanction.

**Purge Order Was Not Unreasonable**

**{¶35}** Edwin claims that the trial court's purge conditions were impossible or unreasonable to perform.

**{¶36}** Any sanction for civil contempt must allow the party who is in contempt an opportunity to purge the contempt. *Carroll v. Detty*, 113 Ohio App.3d 708, 712, 681 N.E.2d 1383 (4th Dist.1996). A trial court abuses its discretion by ordering purge conditions that are unreasonable or where compliance is impossible. *Burchett v. Miller*, 123 Ohio App.3d 550, 704 N.E.2d 636 (6th Dist.1997). The party who is in contempt bears the burden of presenting sufficient evidence at the contempt hearing to establish that the trial court's purge conditions are unreasonable or impossible for him or her to satisfy. *Whitman v. Monastra*, 8th Dist. Cuyahoga No. 76633, 2000 Ohio App. LEXIS 4637 (Oct.

5, 2000).

{¶37} To purge his contempt, the trial court gave Edwin 60 days from the journalization of its order to pay Joanne $143,032 for the property division debt, $40,000 for the value of his life insurance policies, $30,000 in attorney fees,[3] and turn over the parties' wine cooler. The trial court further ordered he pay statutory interest at the rate of 3% per annum but credited him $20,000 for his January 2011 payment toward the property division debt.

{¶38} Edwin argues that his failure to pay his full property division obligation was due to his lack of available funds to pay the order and payment of the obligation in the 60-day time frame ordered by the court was impossible under his "current circumstances." Edwin failed, however, to meet his burden by presenting sufficient evidence at the contempt hearing that the court's conditions were unreasonable, let alone impossible, for him to satisfy.

{¶39} Edwin testified that he expected to earn over $500,000 in 2011 and had grossed over $1.5 million from 2008-2010. Although he was ordered by the trial court to produce certain documents to verify his income, Edwin refused to turn over copies of his tax returns, pay stubs, holdings in financial institutions, corporate records, or an income and expense statement.

{¶40} The evidence showed that Edwin lived in and financed a $500,000 house in

---

[3] The imposition of attorney fees as a condition of purging contempt is well-settled. *Brandenburg v. Brandenburg*, 11th Dist. Lake No. 2004-L-085, 2005-Ohio-6417, ¶ 10.

his girlfriend's name. He claimed that he had outstanding debts and no assets other than his paycheck and "some money in the bank," but he failed to produce any records to support these claims. His unsupported claims of financial difficulty or inability to pay are insufficient to establish that the trial court's conditions were unreasonable. *Rose v. Rose*, 8th Dist. Cuyahoga No. 99933, 2013-Ohio-5136, ¶ 10; *Pettit v. Pettit*, 8th Dist. Cuyahoga No. 64582, 1993 Ohio App. LEXIS 6200, *12 (Dec. 23, 1993).

**{¶41}** The magistrate found that Edwin's claims of inability to pay were not credible and we agree. With evidence of a projected gross income over $2 million from 2008-2011 and without any evidence that he was unable to fulfill his debt obligations to Joanne, Edwin failed to demonstrate that the trial court's requirements were unreasonable to purge his contempt.

**{¶42}** In light of the above, Edwin's first, sixth, and seventh assignments of error are overruled.

**Attorney Fees**

**{¶43}** Edwin raises one assignment of error relating to the $30,000 attorney fee award:

III. The trial court erred and abused its discretion by granting appellee's motion for attorney fees and awarding appellee $30,000 in fees, and said decision was against the manifest weight of the evidence.

**{¶44}** Edwin argues that the trial court erred in determining that $30,000 was a reasonable amount of attorney fees to award Joanne and abused its discretion in doing so

because the amount was not supported by the evidence. He accuses Joanne of attempting to seek an award for attorney fees for all legal activities that had taken place since the divorce had occurred, including her own appeals. R.C. 3105.73 provides for attorney fees for post-decree proceedings:

> (B) In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.

**{¶45}** This court applies an abuse of discretion standard of review on the domestic relations court's decision to grant attorney fees. *Dureiko v. Dureiko*, 8th Dist. Cuyahoga No. 94393, 2010-Ohio-5599, ¶ 26.

**{¶46}** Our review of the record shows that the trial court did not abuse its discretion in finding that $30,000 was a reasonable amount for attorney fees. The evidence presented at the hearing showed that Joanne's attorney spent 121.4 hours at a rate of $400 an hour, totaling $48,560.00, and incurred costs of $896.09 in pursuit of her motion to show cause. This was in pursuit of enforcing a divorce decree issued a decade prior and with which Edwin had yet to comply. The magistrate determined that the amount should be reduced to $30,000 as reasonable fees, and the trial court upheld the magistrate's decision.

**{¶47}** In light of the above, we find no abuse of discretion.

**{¶48}** Edwin's third assignment of error is overruled.

**Life Insurance and Profit Sharing Plan and Trust**

{¶49} Edwin raises two assignments of error that challenge the trial court's awards relating to the distribution of marital assets:

> IV.   The trial court erred and abused its discretion by awarding appellee the value of life insurance policies calculated at $40,000 plus statutory interest.
>
> V.   The trial court erred and abused its discretion by finding that appellee is entitled to receive $296,606 from the Edwin A. Hissa, M.D., Inc. Profit Sharing Plan and Trust.

{¶50} First, Edwin claims that the trial court erred in assigning a value of $40,000 to his life insurance policies when no value was placed on the policies in the divorce decree and that awarded Joanne the policies, not cash in lieu of the policies.

{¶51} Edwin fails to cite any authority for his claim that the court abused its discretion in determining that he owed Joanne the value of the policies that he had refused, since 2001, to transfer to her.   The court's determination of the value of the policies, $40,000, was supported by Edwin's own bankruptcy filing, and by the trial court's June 21, 2009 judgment entry.   We will not disturb the court's finding because it was supported by competent, credible evidence.

{¶52} We also find that the trial court's finding that Joanne was entitled to $296,606 from the Edwin A. Hissa, M.D., Inc. Profit Sharing Plan and Trust was supported by the evidence.   Edwin argues that the issue was not properly before the trial court.   We disagree.   The trial court was merely restating what the divorce decree stated, that Joanne was entitled to $296,606, and rebutting Edwin's newly-hatched argument that

Joanne was entitled to only a portion of that money.

**{¶53}** Edwin's fourth and fifth assignments of error are overruled.

**Statutory Interest**

**{¶54}** Edwin raises one assignment of error relating to the award of statutory interest:

II.   The trial court erred and abused its discretion by awarding statutory interest to appellee payable by appellant.

**{¶55}** Joanne also raises one assignment of error on the same issue, part of which we will review for plain error:

II.   The trial court erred and abused its discretion in its determination of statutory interest and other orders.

**{¶56}** The trial court granted statutory interest to Joanne in the amount of 3% per annum on the division of property award and the value of the life insurance policies, modifying the magistrate's recommendation to grant statutory interest on the division of property, value of life insurance policies, and attorney fee award.

**{¶57}** Edwin claims that the issue of statutory interest was not properly before the trial court because Joanne never filed a motion seeking an award of statutory interest. Therefore, according to Edwin, the trial court abused its discretion in granting any statutory interest.   Edwin fails to cite to any authority to support his argument in contravention of App.R. 16(A).   Nevertheless, we find no merit to this argument, because the issue of statutory interest was properly before the trial court.

{¶58} Joanne claims that the trial court erred when it amended the magistrate's decision, limiting the statutory interest to the judgments for the value of the life insurance policies and the property division.   She further argues the court erred when it determined that the statutory interest rate in 2009 was three percent, not five percent.

{¶59} As we discuss in the next section, however, Joanne's claims were not properly preserved for appeal because she did not properly raise her objections to the magistrate's decision.     Civ.R. 53(D)(3)(b)(iv) provides that

> [e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶60} We review Joanne's contention that trial court erred when it calculated the statutory interest rate at three percent (3%).   During the hearing, Joanne submitted into evidence documentation that correctly showed the statutory interest rate for calendar year 2009 was five percent (5%).[4]   Therefore, we find that the trial court committed plain error only as to the calculation of the rate of statutory interest and remand the case for correction of the judgment entry to show the correct percentage of statutory interest due on the property division award and judgment on the value of life insurance policies. Joanne's second cross-assignment of error is overruled in all other respects.

{¶61} Edwin's second assignment of error is overruled.   Joanne's second

---

[4] *See* http://www.tax.ohio.gov/ohio_individual/individual/interest_rates.aspx (last visited Mar. 10, 2014).

cross-assignment of error is sustained in part.

**Joanne's Cross-Assignments of Error**

**{¶62}** Joanne filed the following cross-assignments of error:

I.   The trial court erred and abused its discretion by failing to find Edwin A. Hissa in contempt for failing to pay Joanne Hissa the retirement funds; and by failing to find Edwin A. Hissa in contempt on other issues of property division; and the decisions are against the manifest weight of the evidence.

II.   The trial court erred and abused its discretion in its determination of statutory interest and other orders.

III.   The trial court erred and abused its discretion in its determination of attorney fees and litigation expenses.

IV.   The trial court erred and abused its discretion by denying Joanne Hissa's motion for leave to file instanter, and motion for reconsideration.

V.   The trial court erred and abused its discretion by denying or failing to rule upon Joanne Hissa's motion for sanctions and attorney fees pursuant to Civ.R. 11 and O.R.C. §2323.51 due to material misrepresentations and fraud upon the court by defendant and his counsel, (motion nos. 312383 and 312384).

**{¶63}** As stated above, we sustained Joanne's second cross-assignment of error in part, finding plain error in the trial court's calculation of statutory interest on the property division debt.

**{¶64}** We next consider Joanne's fourth cross-assignment of error, in which she

argues that the trial court erred when it denied her leave to file her supplemental objections to the magistrate's decision.

**{¶65}** Civ.R. 53(D)(3)(b)(i) provides that a party may file objections to a magistrate's decision within 14 days of the filing of the decision. Loc.R. 27 of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division, governs objections to magistrate's decisions and orders. Loc.R. 27.1(c) provides:

> A party filing objections that require a transcript must file his or her objections within the fourteen (14) day time period set forth above, and must include notice of intent to file supplemental objections after the transcript has been filed, for which leave will automatically be granted.

**{¶66}** Loc.R. 27.3(d) provides that "[t]he time to file supplemental objections may be extended, at the discretion of the Court, for up to but not more than a total of forty-two (42) days from the date the transcript is filed."

**{¶67}** On December 12, 2011, Joanne filed her preliminary objections and her notice of intent to file supplemental objections once the hearing transcript had been filed. In her preliminary objections, Joanne listed six general objections to the magistrate's decision.

**{¶68}** The hearing transcript was filed on February 27, 2012. On March 12, 2012, Joanne requested a 14-day extension of time in which to file her supplemental objections; the trial court granted a 14-day extension of time from March 15, 2012. On March 28, 2012, Joanne requested a 30-day extension of time. On April 2, 2012, the court granted

Joanne a 4-day extension of time to file her supplemental objections.

**{¶69}** On April 6, 2012, the date the supplemental objections were due, Joanne requested a 7-day extension to file her supplemental objections. Joanne did not file any supplemental objections on April 6.

**{¶70}** Joanne filed her supplemental objections on April 12, 2012.

**{¶71}** On April 20, 2012, the trial court granted Joanne a 4-day extension from the time her last motion for an extension was filed — April 6, 2012. Thus, Joanne had until April 10, 2012 to file her supplemental objections, which would have been 43 days after the transcript was filed.

**{¶72}** The trial court subsequently stated that it would not consider Joanne's supplemental objections filed on April 12, 2012.

**{¶73}** Although we note that it was not until April 20, 2012, that the trial court stated it would not accept objections filed after April 10, Joanne originally had leave until April 6 to file her supplemental objections to the magistrate's decision. But Joanne did not file supplemental objections on that date, instead choosing to request a third extension of time. In other words, Joanne chose to file a motion for leave and gamble on the chance that the trial court would grant the motion, rather than file her supplemental objections by the April 6th due date.

**{¶74}** In light of the above, we decline to find that the trial court abused its discretion in denying Joanne's motion to file her objections to the magistrate's decision.

**{¶75}** The fourth cross-assignment of error is overruled.

**{¶76}** As to Joanne's remaining cross-assignments of error, which challenge the trial court's decision on the breadth of the contempt finding, amount of attorney fee award, and the trial court's denial of her other motions, Joanne has not properly preserved those issues for appeal.

**{¶77}** The Civil Rules provide that "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii). Again, "a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, * * * unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv).

**{¶78}** Although Joanne mentioned some of these issues in her preliminary objections, general objections do not meet the requirements of Civ.R. 53. *Thrower v. Akron*, 9th Dist. Lorain No. 21518, 2003-Ohio-5361, ¶ 10. "A mere blanket objection to the magistrate's decision is insufficient to preserve an objection under Civ.R. 53." *Young v. Young*, 9th Dist. Summit No. 22891, 2006-Ohio-2274, ¶ 5, citing *Solomon v. Solomon*, 157 Ohio App.3d 807, 2004-Ohio-2486, 813 N.E.2d 918 (7th Dist). "'[O]bjections must be specific; a general objection is insufficient to preserve an issue for judicial consideration.'" *Sweet v. Sweet*, 11th Dist. Ashtabula Nos. 2007-A-0003 and 2008-A-0003, 2009-Ohio-1924, ¶ 77, quoting *Lambert v. Lambert*, 11th Dist. Portage No. 2004-P-0057, 2005-Ohio-2259; *see also Shihab & Assocs. Co. v. Ohio DOT*, 168 Ohio App.3d 405, 2006-Ohio-4456, 860 N.E.2d 155, ¶ 15 (10th Dist.), citing *State ex rel. Weimer v. Zayre Cent. Corp.*, 10th Dist. Franklin No. 02AP-182, 2002-Ohio-6737 ("[A]

general objection to the magistrate's decision does not meet the requirements of Civ.R. 53(E)(3)(b).").

{¶79} "When a party submits general objections that fail to provide legal or factual support, 'the trial court may affirm the magistrate's decision without considering the merits of the objection.'" *Young* at *id.*, quoting *Waddle v. Waddle*, 11th Dist. Ashtabula No. 2000-A-0016, 2001 Ohio App. LEXIS 1551, *10 (Mar. 30, 2001); *see also Andrachik v. Ripepi*, 9th Dist. Summit No. 22516, 2005-Ohio-6746 (finding that objections that were conclusory statements unsupported by law or fact did not comply with Civ.R. 53).

{¶80} The six objections Joanne raised in her preliminary objections were general conclusory statements unsupported by law or fact. Since Joanne failed to make any specific argument in her preliminary objections, she failed to comply with Civ.R. 53, and has waived her alleged errors on appeal. Civ.R. 53(E)(3)(C).

{¶81} Accordingly, Joanne's first, third, and fifth cross-assignments of error are overruled.


**Remand Instructions**

{¶82} In conclusion, Edwin's assignments of error are overruled in toto. Joanne's second assignment of error is sustained only to the extent that the case is remanded for correction of the judgment entry to show statutory interest due at the correct rate of five percent (5%) per annum. Joanne's remaining assignments of error are overruled.

**{¶83}** Judgment affirmed in part and reversed in part. Case remanded for correction of judgment entry.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____

LARRY A. JONES, SR., PRESIDING JUDGE

KENNETH A. ROCCO, J., and
EILEEN T. GALLAGHER, J., CONCUR