[Cite as *In re Adoption of K.A.R.*, 2016-Ohio-4595.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| ADOPTION OF: K.A.R. | : | **O P I N I O N** |
| | : | |
| | : | **CASE NO. 2015-A-0055** |
| | : | |
| | : | |
| | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Probate Division, Case No. 2013 AD 008

Judgment: Reversed and remanded.

*Malcom Stewart Douglas,* 55 North Chestnut Street, Jefferson, OH 44047 (For Father Alexander Sturkie).

*Peggy S. Wilkinson* and *Philip E. Cordova,* Andrews & Pontius, L.L.C., 4817 State Road, #100, P.O. Box 10, Ashtabula, OH 44005 (For Aaron Rogers).

COLLEEN MARY O'TOOLE, J.

{¶1} Alexander Sturkie appeals from the judgment entry of the Ashtabula County Court of Common Pleas, Probate Division, granting Aaron Rodger's petition to adopt Mr. Sturkie's natural daughter, K.A.R. Mr. Sturkie alleges both procedural and substantive errors by the trial court. We reverse and remand.

{¶2} K.A.R. was born January 14, 2008. Her mother is Brittany Rogers, fka Smith. Evidently Mr. Sturkie and Mrs. Rogers were living together at the time. April 6,

2011, Mrs. Rogers secured a domestic violence civil protection order against Mr. Sturkie, requiring him, among other things, to attend anger management classes. The order does not expire until February 2016. A custody battle ensued between the parties. August 15, 2011, the juvenile court ordered Mr. Sturkie to attend anger management classes, and submit hair and urine samples. September 23, 2011, the parties entered a consent judgment that Mrs. Rogers could move to Florida. March 5, 2012, the juvenile court's magistrate directed that Mr. Sturkie have quarterly visitation with K.A.R., with him paying the transportation costs.

{¶3} In Florida, Mrs. Rogers met Mr. Rogers. He served in the navy. The couple was married in 2011, and returned to live in Ashtabula County in November 2012.

{¶4} April 4, 2013, Mr. Rogers, with his wife's consent, petitioned the trial court to adopt K.A.R. Mr. Sturkie opposed the petition. Due to the pendency of the juvenile case, the trial court stayed proceedings. At the conclusion of the juvenile case, the stay was lifted, and this matter came on before the magistrate for hearing March 27, 2015. Mr. and Mrs. Rogers, and Mr. Sturkie, all testified, and some 13 exhibits were admitted into evidence. July 10, 2015, the magistrate filed a detailed decision. July 24, 2015, Mr. Sturkie filed an objection, and a praecipe for a transcript of the hearing. August 11, 2015, without the transcript having been filed, the trial court nevertheless adopted the magistrate's decision. This appeal timely ensued.

{¶5} A trial court's decision to adopt, reject, or modify a magistrate's decision is reviewed for abuse of discretion. *In re Gochneaur*, 11th Dist. Ashtabula No. 2007-A-0089, 2008-Ohio-3987, ¶16. Regarding this standard, we recall the term "abuse of

2

discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

{¶6} Mr. Sturkie's first assignment of error reads: "The trial court committed prejudicial error by granting Appellee's Petition for Adoption." Mr. Sturkie argues the trial court erred in adopting the magistrate's decision without waiting for the filing of the transcript and supplemental objections.

{¶7} In response, Mr. Rogers directs our attention to this court's decision in *Waddle v. Waddle*, Ashtabula 11th Dist. No. 2000-A-0016, 2001 Ohio App. LEXIS 1551 (March 30, 2001). In that case, this court held, at *8:

{¶8} "Civ.R. [53(D)(3)(b)(ii)] provides that objections to magistrate decisions 'shall be *specific* and state with *particularity* the grounds of objection.' (Emphasis added.) 'Under Civ.R. 53(E)(3)(b), objections must be more than "indirectly addressed": they must be specific.' *Ayer v. Ayer* (June 30, 2000), Hamilton App. No. C-990712, unreported, at 12, 2000 Ohio App. LEXIS 2901. 'A blanket objection to everything contained in the magistrate's decision, unsupported by a transcript of the proceedings, is insufficient to preserve a specific objection (* * *).' *Carrino v. Carrino* (June 21, 2000), Medina App. No. 2981-M, unreported, 2000 Ohio App. LEXIS 2703, *4." (Emphasis sic.)

{¶9} In this case, Mr. Sturkie's objection reads:

{¶10} "The Magistrate, in his Decision, has failed to set forth a sufficient and proper basis for his decision and the Magistrate has failed to appropriately apply or cite the applicable law thereto. For these reasons, therefore, the Natural Father, Alexander Sturkie objects to and requests that this Court set aside the Magistrate's Decision dated July 10, 2015 and undertake an independent review as to the objected matters as the magistrate has failed to properly determine the factual issues and appropriately apply the law thereto. Plaintiff requests the Court to hear evidence on this matter at the earliest practical time."

{¶11} This is a general objection. However, we note that Civ.R. 53(D)(3)(b)(iii) provides that if a party files a timely objection, prior to the transcript being prepared, that party may seek leave to file supplemental objections. Mr. Sturkie asked leave of the trial court to file supplemental objections once the transcript was completed. This is a fact specific case, requiring a transcript to draft proper objections. Altogether, we find the trial court abused its discretion in not allowing Mr. Sturkie to file the transcript and supplemental objections. Consequently, this matter must be reversed, and remanded to the trial court, so Mr. Sturkie may file the transcript with it, and raise proper objections based thereon.

{¶12} Mr. Sturkie's second assignment of error reads: "The trial court committed prejudicial error by affirming the Magistrate's Decision of July 10, 2015, in contravention of O.R.C. Sec. 3107.07(A)." We decline to reach this assignment of error, deeming it moot.

{¶13} The judgment of the Ashtabula County Court of Common Pleas, Probate Division, is reversed, and this matter is remanded for further proceedings consistent with this opinion.

DIANE V. GRENDELL, J., concurs,

CYNTHIA WESTCOTT RICE, P.J., dissents with a Dissenting Opinion.

———————————

CYNTHIA WESTCOTT RICE, P.J., dissents with Dissenting Opinion.

{¶14} Because I disagree with the majority's disposition, I respectfully dissent.

{¶15} The majority dismisses appellee's argument that, because appellant's objection to the magistrate's decision was general in nature, it was insufficient to preserve an issue for judicial review. However, appellee's argument is well taken and dispositive of this appeal.

{¶16} Appellant's sole objection to the magistrate's decision stated that the magistrate "failed to set forth a sufficient and proper basis for his decision;" "failed to appropriately apply or cite the applicable law thereto;" and "failed to properly determine the factual issues and appropriately apply the law thereto." The objection was stated in conclusory terms and did not challenge any of the findings of fact or conclusions of law set forth in the magistrate's decision. As such, appellant's objection was general in nature. In fact, the majority concedes this is a general objection.

{¶17} The Ohio Rules of Civil Procedure provide that "an objection to a magistrate's decision shall be specific and state with particularity all grounds for

5

objection." Civ.R. 53(D)(3)(b)(ii). It is well settled that "a general objection to the magistrate's decision *does not meet the requirements of Civ.R. 53 ([D])(3)(b)[ii]*." (Emphasis added.) *Shihab & Assocs. Co. v. Ohio DOT*, 168 Ohio App.3d 405, 2006-Ohio-4456, ¶15 (10th Dist.). "'[O]bjections must be specific; a general objection is insufficient to preserve an issue for judicial consideration.'" *Sweet v. Sweet*, 11th Dist. Ashtabula Nos. 2007-A-0003 and 2008-A-0003, 2009-Ohio-1924, ¶77, quoting *Lambert v. Lambert*, 11th Dist. Portage No. 2004-P-0057, 2005-Ohio-2259, ¶16. An objecting party fails to comply with Civ.R. 53(D)(3)(b)(ii) where he fails to provide "any reason, support, or authority for his objections." *Waddle v. Waddle*, 11th Dist. Ashtabula No. 2000-A-0016, 2001 Ohio App. LEXIS 1551, *9 (Mar. 30, 2001). "The consequences of an objecting party failing to state an objection with particularity is that the trial court may affirm the magistrate's decision without considering the merits of the objection." *Id.* at *9 -*10.

{¶18} The majority attempts to avoid the consequences of appellant's failure to file any specific objections by stating that appellant "asked leave of the trial court to file supplemental objections once the transcript was completed." However, this is not accurate because appellant never filed a request for leave to supplement his objection. Civ.R. 53(D)(3)(b)(iii) provides that "[i]f a party files timely objections prior to the date on which a transcript is prepared, the party *may seek leave of court to supplement the objections.*" (Emphasis added.) Appellant's reservation of the right to supplement his objection, which was included in his objection, does not comply with Civ.R. 53(D)(3)(b)(iii). Under that rule, it is not sufficient to simply reserve the right to supplement objections at some future time. Rather, by its express terms, the objecting

6

party must actually "seek leave of court to supplement the objections." Because appellant never asked the trial court for leave to supplement his objection, the only objection before the court was his general objection. As a result, the trial court was entitled to adopt the magistrate's decision without considering the merits of appellant's objection. *Waddle, supra.*

{¶19} However, even if appellant had filed a request for leave to supplement his objection, he would not have been entitled to such leave. The specificity requirement for objections in Civ.R. 53(D)(3)(b)(ii) is *not* limited to supplemental objections; rather, it applies to all objections, including preliminary objections. The Eighth District in *Hissa v. Hissa*, 8th Dist. Cuyahoga Nos. 99498 and 100229, 2014-Ohio-1508, held that a preliminary objection to a magistrate's decision must comply with the specificity requirement of Civ.R. 53(D)(3)(b)(ii). *Hissa, supra,* at ¶78, 80, citing Civ.R. 53(D)(3)(b). Thus, where an objecting party fails to file specific timely objections (within 14 days of the magistrate's decision, per Civ.R. 53(D)(3)(b)(i)), he cannot later seek leave of court to supplement the objections. Here, because appellant's objection was general in nature, *it was not an objection within the meaning of Civ.R. 53(D)(3)(b)(ii)* and there was nothing to supplement.

{¶20} Further, the Eighth District in *Hissa* held that where the objecting party "failed to make any specific argument in her preliminary objections, she failed to comply with Civ.R. 53, and has waived her alleged errors on appeal." *Hissa, supra,* at ¶80, citing Civ.R. 53(D)(3)(b)(iv) ("a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, * * * unless the party has objected to that finding or conclusion *as required by Civ.R. 53(D)(3)(b)")*. (Emphasis added.) Here,

7

since appellant failed to make any specific argument in his objection as required by Civ.R. 53(D)(3)(b)(ii), he waived the right to challenge his alleged error on appeal.

{¶21} Because appellant's objection was general in nature and there was no error of law or other defect on the face of the magistrate's decision, the trial court did not abuse its discretion in adopting that decision. Consequently, I would affirm the trial court's judgment.

{¶22} For the foregoing reasons, I respectfully dissent.