DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment entered by the Sandusky County Court of Common Pleas, Domestic Relations Division, awarding appellee, Jon Foster, the income tax dependency exemption for the parties' minor child. From that judgment, appellant, Kathi Foster (n.k.a. Kern), raises one assignment of error:
 {¶ 2} "The trial court erred and abused its discretion by ordering modification of the dependency exemption for the parties' minor child."
 {¶ 3} The parties' divorce was entered on August 23, 1991. Appellant was awarded legal custody of the minor child and became the residential parent. Appellee was given visitation rights and ordered to pay child support. The amount of support remained unchanged until February 1, 2003, when a judgment entered March 13, 2003, increased appellee's support obligations pursuant to the Sandusky County Child Support Enforcement Agency's calculations.
 {¶ 4} On March 25, 2003, appellee filed a motion to modify the allocation of the dependency tax exemption for the parties' minor child. Both parties filed memoranda with the court and on September 9, 2003, the court held a hearing to determine which parent should be awarded the dependency tax exemption. During the hearing, appellee expressed his reasons for requesting the dependency tax exemption.
 {¶ 5} "Q: Do you feel that you would be able to offer different activities for your child if you had more disposable income available to you?
 {¶ 6} "A: Sure.
 {¶ 7} "Q: And do you think that would be in your child's best interests to do more things with you?
 {¶ 8} "A: Yes, I do.
 {¶ 9} "Q: And to your knowledge, do you have the same financial wherewithal as Kathi Kern and her husband?
 {¶ 10} "A: Not even close.
 {¶ 11} "Q: And do you think that disparity in income between the two households is problematic on your relationship with your child?
 {¶ 12} "A: Yes. I feel like I can't give her some of the things they can give her, but it hasn't hurt on our closeness to be, you know — her being my daughter and that. She still loves me a lot."
 {¶ 13} In later testimony, appellant's husband, Michael Kern, confirmed that his amount of spending on his stepdaughter would not change whether or not appellant was awarded the dependency tax exemption.
 {¶ 14} "Q: And would it be a fair statement to say that whether or not you and your wife are allocated this dependency exemption, wouldn't change how much you spend on Kourtni or the activities that you allow her to be involved in?
 {¶ 15} "A: I think that's probably fair to say."
 {¶ 16} In its September 24, 2003 judgment, the court determined that appellee would be allotted the dependency tax exemption for the parties' minor child. Appellee was to claim the exemption beginning in the "tax year 2003 and thereafter, so long as his child support is current."
 {¶ 17} In its judgment, the trial court stated that it found it significant that appellee has a lower income than appellant's family, which caused problems in the father-daughter relationship since appellee did not have the funds to do more for his daughter. Additionally, the court considered appellee's exercise of regular visitation with his daughter, during which he spends money on recreational activities. The court also recognized that appellant's family's lifestyle would not change if they did not receive the dependency exemption, but that having the exemption would result in appellee having more money to use during his daughter's visits. On October 23, 2003, appellant filed her notice of appeal.
 {¶ 18} In appellant's sole assignment of error, she asserts that the trial court erred by allocating the dependency tax exemption to appellee. Specifically, appellant contends that the trial court abused its discretion by ordering the exemption transferred from the custodial parent to the non-custodial parent without showing that the transfer was in the best interest of the child.
 {¶ 19} In domestic relations cases, absent an abuse of discretion, a trial court's decision must stand unaltered on appeal. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." (Citations and internal quotations omitted.) Id. at 219. In the present case, there is no evidence that the trial court's decision was unreasonable, arbitrary, or unconscionable in any way. The trial court merely exercised its judgment within reasonable discretionary limits.
 {¶ 20} According to federal law, under Section 152(e), Title 26, U.S. Code there is a presumption that the dependency tax exemption is given to the custodial parent. Hughes v. Hughes
(1988), 35 Ohio St.3d 165, 167. However, if a trial court allocates a dependency tax exemption to the noncustodial parent, the record must show that the allocation furthered the best interests of the child. Bobo v. Jewell (1988),38 Ohio St.3d 330, 332. Generally, the best interest of the child is furthered when there is a net tax savings to the parent. Singer v.Dickinson (1992), 63 Ohio St.3d 408, 415. The purpose of the net tax savings issue is that the savings to the parent usually equates to more money being available for the care of the child. The net tax savings is one of the five factors that a court is required to weigh under R.C. 3119.82.
 {¶ 21} Pursuant to R.C. 3119.82, the noncustodial parent is permitted to receive the dependency tax exemption if the court "determines that this furthers the best interest of the children and * * * payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents." In making its decision, the court is required to consider any net tax savings, relative financial circumstances of the parents and child, amount of time spent with each parent, eligibility of parents for federal earned income tax credit or other tax credit, and other relevant factors concerning the best interest of the child.
 {¶ 22} While all of the above factors must be considered and individually weighed, the crux of the issue is the best interest of the child. The trial court found, by balancing all of the requisite factors under R.C. 3119.82, that awarding the dependency tax exemption to appellee was in the best interest of the child and that the net tax savings was not necessarily the dispositive factor in this case. The court considered the net tax savings issue, as evidenced by the court's recognition that appellant and Mr. Kern would save $797 per year, while appellee would receive $435. In its analysis, the court also weighed the relative financial circumstances of each parent and concluded that appellant and Mr. Kern had more financial wherewithal to provide extra amenities for the child. Also significant in the court's decision, was the fact that appellee exercises regular visitation with his daughter. The court then determined that the earned income tax credit would be available to appellee. Additionally, the court considered Mr. Kern's admission that the child's lifestyle would not change if appellant did not receive the dependency exemption.
 {¶ 23} The focus of the trial court's final analysis was the disparity between the larger family income of appellant and the smaller income of appellee. The trial court found that it would be in the best interest of the child for appellee to have more available monetary resources so that he could afford to provide her "those `extras' that make life and relationships more pleasant."
 {¶ 24} Under these facts, we find that the trial court did not abuse its discretion in awarding appellee the dependency tax exemption. The exemption allocation is in the best interest of the child since appellee will have more money to do activities with his daughter during her visits, while awarding the exemption to appellant would cause no difference in the child's standard of living. Accordingly, appellant's assignment of error is not well-taken.
 {¶ 25} On consideration whereof, we find that substantial justice was done the party complaining and that the judgment of the Sandusky County Court of Common Pleas, Domestic Relations Division, is affirmed. Court costs of this appeal are assessed to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Lanzinger, J., Singer, J., concur.