{¶ 1} Appellant, John Timothy Branden ("John"), appeals the final judgment of divorce entered by the Cuyahoga County Court of Common Pleas, Division of Domestic Relations. For the reasons stated herein, we affirm in part, reverse in part, and remand the matter to the trial court for further proceedings.
 {¶ 2} John and appellee, Cari Coler Branden ("Cari"), were married on April 13, 1985, and had two children during their marriage. One of the children was emancipated at the time of the divorce; the other was born in November 1991.
 {¶ 3} Cari filed for divorce in June 2006. The case proceeded to trial in November 2007. The trial court issued a judgment entry on January 8, 2008. The court found that the parties had established the cause of incompatibility and that the parties were entitled to a divorce. The following findings of the court are relative to this matter.
 {¶ 4} Cari was designated the residential and legal custodian of the minor child, and John was granted parenting time in accordance with the standard visitation guidelines.
 {¶ 5} The record established that Cari essentially had been a housewife during the marriage. However, at the time of the divorce, she was employed by Home Depot. The trial court found that her income was $24,000 per year.
 {¶ 6} John had been employed throughout the marriage and at the time of the divorce was employed by Visi-Trak Worldwide. The trial court found his income was approximately $110,000 per year. *Page 4 
 {¶ 7} The trial court recognized that the parties had been in a long-term marriage with a great disparity of income and earning potential between the parties. The court ordered John to pay Cari $2,000 per month as spousal support and $754.03 per month as child support. The court also ordered John to secure a life insurance policy with a death benefit of not less than $500,000, designating Cari as the irrevocable beneficiary. Cari was awarded any tax deduction or credit relating to the parties' minor child.
 {¶ 8} The marital property acquired during the marriage included the marital home and John's 401(K). The net proceeds from the sale of the marital home was $49,620.51 and the 401(K) was worth approximately $39,642.59. The court recognized that John enjoys a substantial social security entitlement that he will be able to collect in the future.
 {¶ 9} The trial court ordered that all proceeds from the sale of the marital home were to be released to Cari. The court also ordered the 401(K) to be divided equally. The court recognized that although the division of marital property was unequal, that it was equitable under the facts and circumstances of the matter. Additionally, the trial court, as additional spousal support, ordered John to pay Cari's legal fees in the sum of $30,000, in monthly payments of no less than $500 per month.
 {¶ 10} The trial court recognized that an issue remained as to a support arrearage under the court's temporary order of support. The court left the issue to be decided by agreement of the parties, and the court retained jurisdiction to *Page 5 
consider the matter absent an agreement within thirty days. In a supplemental judgment entry, the court found that the parties had reached an agreement. The agreement of the parties extinguished any claims for arrearages. Whereupon, the trial court found all claims for such arrearages were dismissed.
 {¶ 11} All issues having been decided, John timely appealed, raising seven assignments of error for our review.
 {¶ 12} John's first assignment of error provides as follows:
 {¶ 13} "1. The trial court committed prejudicial error by dividing the marital assets in a disproportionate manner and without offering any basis for such division."
 {¶ 14} Appellate review of a trial court's division of marital property is governed by an abuse of discretion standard. Martin v.Martin (1985), 18 Ohio St.3d 292. R.C. 3105.171(C)(1) mandates an equal division of marital property, unless such would be inequitable under the circumstances. In dividing marital assets, and in deciding whether to order an unequal award, a trial court must consider all relevant factors, including those listed in R.C. 3105.171(F). The trial court also must make written findings of fact to support its decision to divide the marital property equitably. See R.C. 3105.171(G).
 {¶ 15} Appellant argues the trial court erred in making an unequal and inequitable property division. The trial court ordered that the 401(K), worth approximately $39,642.59, be divided equally, but ordered that the proceeds from the sale of the marital home, $49,620.51, be released to Cari. *Page 6 
 {¶ 16} The court is required to set forth the basis of its award in sufficient detail to permit the reviewing court to determine that the award is fair. Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, paragraph two of the syllabus.
 {¶ 17} A review of the trial court's opinion reflects that the trial court found that the division of marital property was equitable under the facts and circumstances of the matter. In rendering its opinion, the trial court took into account several factors, including the long-term length of the marriage, the disparity of income and earning potential between the parties, as well as the assets and liabilities of the parties. Although Cari claims that John engaged in financial misconduct throughout the course of their marriage, the trial court made no such determination, and it does not appear that this was a factor in its division of marital property.
 {¶ 18} In dividing the marital assets, the trial court considered the value of the marital assets and recognized that John "enjoys a substantial social security entitlement that he will be able to elect in the future, which is far in excess of what [Cari] can expect." Evidence of John's social security benefits was included in the record. Although social security benefits cannot be divided as a marital asset, a trial court may still consider the parties' future social security benefits in relation to all marital assets in determining an equitable distribution of marital property. Neville v. Neville, 99 Ohio St.3d 275, 276-277,2003-Ohio-3624.
 {¶ 19} We find that the trial court's decision was supported by competent, credible evidence and that its division of marital assets was fair, equitable and in *Page 7 
accordance with the law. Finding no abuse of discretion, John's first assignment of error is overruled.
 {¶ 20} John's second and third assignments of error provide as follows:
 {¶ 21} "2. The trial court committed prejudicial error by awarding a totally unreasonable amount of spousal support for the plaintiff."
 {¶ 22} "3. The trial court committed prejudicial error by ordering spousal support for an unlimited period of time."
 {¶ 23} A trial court enjoys wide latitude in determining the appropriateness as well as the amount of spousal support. Bolinger v.Bolinger (1990), 49 Ohio St.3d 120. Such an award will not be reversed unless a reviewing court, after considering the totality of the circumstances, finds that the trial court abused its discretion.Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67; Cherry v. Cherry (1981),66 Ohio St.2d 348.
 {¶ 24} In making a spousal support award, a trial court is required to consider all of the relevant factors in R.C. 3105.18. When applying these factors, the court must balance the need for support against the ability to pay. Cahill v. Patronite, Cuyahoga App. No. 82931,2003-Ohio-6050. The resulting award must be fair, equitable, and in accordance with the law. Kaechele, 35 Ohio St.3d at 94.
 {¶ 25} Here, although the trial court's judgment reflects that it considered some of the statutory factors, the court failed to evaluate the evidence in its opinion. The trial court provided no explanation as to how it arrived at the figure of $2,000 per *Page 8 
month for spousal support. Further, it does not appear that the trial court assessed Cari's need for support against John's ability to pay.
 {¶ 26} According to John, the trial court's order would reduce his income to "poverty level." As this court has previously stated, "`An equitable result requires that to the extent feasible, each party should enjoy, after termination of a marriage, a standard of living comparable to that established during the marriage as adjusted by the various factors of [R.C. 3105.18].'" Cahill, supra, citing Buckles v.Buckles (1988), 46 Ohio App.3d 102, 110.
 {¶ 27} John also challenges the indefinite duration of the spousal support award. Here again, the trial court offered no explanation for the indefinite award.
 {¶ 28} Typically, spousal support will be needed and warranted only for a certain duration. As the Ohio Supreme Court stated inKunkle, 51 Ohio St.3d at 68-69: "[A] trial court must determine whether there is a need for sustenance alimony, and, if so, the amount needed and the duration of the need. * * * The modern trend favors terminating alimony on a date certain. The reason for awarding sustenance alimony payable only to a date certain is that the payee's need requiring support ceases, when, under reasonable circumstances, the payee can become self-supporting. Conversely, if under reasonable circumstances a divorced spouse does not have the resources, ability or potential to become self-supporting, then an award of sustenance alimony for life would be proper."
 {¶ 29} Because the trial court did not indicate in sufficient detail the basis for its award of spousal support, including the indefinite duration for which it was ordered, *Page 9 
this court is unable to determine whether the award is fair, equitable, and in accordance with the law. Accordingly, we must reverse the spousal support determination and remand the matter to the trial court.
 {¶ 30} Insofar as John disputes the determination of the parties' incomes, it does not appear that this issue was raised in the trial court.[1] We will not consider an error a party failed to bring to the trial court's attention at a time when the trial court could have avoided or corrected the error. Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, 210. It is axiomatic that a litigant's failure to raise an issue in the trial court waives the litigant's right to raise that issue on appeal. Shover v. Cordis Corp. (1991), 61 Ohio St.3d 213, 220, overruled on other grounds in Collins v. Sotka, 81 Ohio St.3d 506,1998-Ohio-331. Nevertheless, upon remand, the trial court may revisit its determination of the parties' incomes.
 {¶ 31} John's second and third assignments of error are sustained.
 {¶ 32} John's fourth assignment of error provides as follows:
 {¶ 33} "4. The trial court committed prejudicial error by granting plaintiff the exemption for child support."
 {¶ 34} John argues that he should have been awarded the exemption for child support because he provides more than 50 percent of the child support. He cites no authority to support this claim. Nevertheless, we are unable to ascertain from the trial court's opinion whether the exemption was properly allocated. *Page 10 
 {¶ 35} R.C. 3119.82 provides that "[w]henever a court issues * * * a court child support order, it shall designate which parent may claim the children * * * as dependents for federal income tax purposes * * *." The allocation of tax exemptions between parents will not be disturbed absent an abuse of discretion. Keating v. Keating, Cuyahoga App. No. 90611, 2008-Ohio-5345.
 {¶ 36} If the parties do not agree which parent should claim the children, the court may permit the nonresidential parent to claim them if it determines "that this furthers the best interest of the children." R.C. 3119.82. Thus, "`the crux of the issue is the best interest of the child.'" Keating, supra, quoting Foster v. Foster, Sandusky App. No. S-03-037, 2004-Ohio-3905. In making its determination, "the court shall consider * * * any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children." R.C. 3119.82. Net tax savings "occur through allocation to the noncustodial parent only if the noncustodial parent's taxable income falls into a higher tax bracket than the tax bracket of the custodial parent." Singer v. Dickinson (1992), 63 Ohio St.3d 408,415-16. "While the trial court does not need to state a basis for allocating the exemption, the record does need to include financial data in relation to the above factors to support the trial court's decision."Ankney v. Bonos, Summit App. No. 23178, 2006-Ohio-6009. *Page 11 
 {¶ 37} In this case, the trial court simply allocated the exemption without any indication that it made the appropriate considerations. The trial court did not refer to R.C. 3119.82. The trial court's determination did not address the best interest of the child. Nor did it address any net tax savings or the eligibility of either party for a federal earned income tax credit. We believe the proper approach is to remand the cause to permit the trial court to reassess its decision in accordance with R.C. 3119.82. Accordingly, we sustain John's fourth assignment of error.
 {¶ 38} John's fifth assignment of error provides as follows:
 {¶ 39} "5. The trial court committed prejudicial error by imposing an unreasonable obligation for life insurance on the defendant."
 {¶ 40} The trial court ordered John to secure a life insurance policy with a death benefit of not less than $500,000 and to name Cari as the irrevocable beneficiary thereon. The trial court offered no explanation for this obligation.
 {¶ 41} We have previously recognized that security in the form of life insurance is inappropriate for spousal support payments. Aponte v.Aponte (Feb. 15, 2001), Cuyahoga App. Nos. 77394 and 78090; Robiner v.Robiner (Dec. 7, 1995), Cuyahoga App. No. 67195. This court has also held that "by requiring plaintiff-appellant to maintain defendant-appellee as a beneficiary, the trial court is not necessarily securing payment of plaintiff-appellant's spousal support obligations and is, in effect, providing defendant-appellee with a spousal support award after the death of plaintiff-appellant." Oatey v. Oatey (Apr. 25, 1996), Cuyahoga App. Nos. 67809 and 67973. In this matter, although the trial court did not state that the life *Page 12 
insurance was required to secure the spousal support obligation, the trial court nonetheless required a policy to be obtained with a death benefit of not less than $500,000, naming Cari as an irrevocable beneficiary.
 {¶ 42} We find the trial court abused its discretion regarding the life insurance provision, and we reverse that portion of the divorce decree. John's fifth assignment of error is sustained.
 {¶ 43} John's sixth assignment of error provides as follows:
 {¶ 44} "6. The trial court committed prejudicial error disallowing the deposition of a witness who was outside the jurisdiction at the time of trial."
 {¶ 45} John argues that he should have been permitted to offer at trial the deposition of his father, Charles M. Branden, pursuant to Civ. R. 32(A)(3). Without referencing any evidence, John asserts that the witness was at his residence in Florida at the time of trial. The trial court found that no effort was made to make the witness available for trial, and that mere inconvenience was not sufficient to satisfy the requirements of Civ. R. 32(A)(3).
 {¶ 46} Relevant to this matter, Civ. R. 32(A)(3)(b) states that a witness's deposition may be introduced at trial if the court finds "that the witness is beyond the subpoena power of the court in which the action is pending or resides outside of the county in which the action is pending unless it appears that the absence of the witness was procured by the party offering the deposition[.]" Civ. R. 32(A)(3)(b) "gives the subpoenaing party an option which specifically allows the use at trial of a *Page 13 
deposition of a witness who resides outside the county in which the action is pending." Civ. R. 32(A)(3)(b), Staff Note.
 {¶ 47} There is no indication in the record that the witness was served with a subpoena and failed to appear. Further, John does not refer to any evidence to establish the witness was beyond the subpoena power of the trial court or actually resided outside of Cuyahoga County. Accordingly, we find the trial court did not abuse its discretion by excluding the deposition from trial. John's sixth assignment of error is overruled.
 {¶ 48} John's seventh assignment of error provides as follows:
 {¶ 49} "7. The trial court committed prejudicial error by allowing unreasonable legal fees to the attorney for plaintiff and by imposing the obligation therefor on the defendant."
 {¶ 50} In this case, the trial judge awarded Cari $30,000 in attorney fees "as additional spousal support." A trial court judge does have discretion to award reasonable attorney's fees as spousal support, utilizing the factors of R.C. 3105.18(C)(1). Hampton-Jones v.Jones, Cuyahoga App. Nos. 77279 and 77412, 2001-Ohio-4229. We have already determined that the trial court's spousal support determination must be reversed and remanded. Because there were no reasons given for awarding attorney's fees as spousal support or justifying the amount awarded, this issue must be remanded as well. On remand, the judge should consider not only whether and in what amount attorney's fees should be granted as spousal support, but should also distinguish between fees awarded as *Page 14 
spousal support and those independently awarded. Consequently, John's seventh assignment of error is sustained only in this respect.
Judgment affirmed in part, reversed in part. Case remanded.
It is ordered that appellant and appellee share costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, A.J., and MARY JANE BOYLE, J., CONCUR
[1] We note that the discrepancy asserted by John still reflects a large disparity in the parties' incomes. *Page 1