[Cite as *Branden v. Branden*, 2017-Ohio-7477.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 104523

---

## CARI C. BRANDEN

PLAINTIFF-APPELLANT

vs.

## JOHN T. BRANDEN

DEFENDANT-APPELLEE

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-06-310903

**BEFORE:** S. Gallagher, J., Stewart, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** September 7, 2017

**ATTORNEYS FOR APPELLANT**

Joseph G. Stafford
Nicole A. Cruz
Stafford Law Co., L.P.A.
55 Erieview Plaza, 5th Floor
Cleveland, Ohio   44114


**ATTORNEY FOR APPELLEE**

Mark A. Ziccarelli
Ziccarelli & Martello
8754 Mentor Avenue
Mentor, Ohio   44060

SEAN C. GALLAGHER, J.:

{¶1} Appellant, Cari C. Branden ("Cari"), appeals the May 10, 2016 decision of the Cuyahoga County Court of Common Pleas, Division of Domestic Relations. Upon review, we affirm the decision of the trial court.

BACKGROUND

{¶2} The parties to this action were divorced in 2008, after a nearly 23-year marriage. Relative to this action, appellee, John T. Branden ("John"), was ordered to pay spousal support to Cari in the amount of $2,000 per month indefinitely, and as additional spousal support was ordered to pay Cari's attorney fees. On appeal, in *Branden v. Branden*, 8th Dist. Cuyahoga No. 91453, 2009-Ohio-866 ("*Branden* I"), this court reversed and remanded the matter for the trial court to (1) clarify its reasoning and provide sufficient detail relative to the factors set forth in R.C. 3105.18(C) for the basis of the spousal support award, (2) to reassess the allocation of the tax exemption for child support in accordance with R.C. 3119.82, and (3) to determine whether and in what amount attorney fees should be awarded as spousal support, considering the factors of R.C. 3105.08(C)(1), and to distinguish between attorney fees awarded as spousal support and those independently awarded.

{¶3} On remand, the court magistrate issued a decision on March 31, 2011, which purported to modify "*nunc pro tunc*" the judgment entry of divorce of January 8, 2008, and that decision was adopted in its entirety by the trial court on April 20, 2011. The magistrate's decision included findings of fact and conclusions of law based on the

parties' circumstances at the time of the divorce decree. Relative herein, John again was ordered to pay Cari spousal support in the amount of $2,000 per month for an indefinite period, subject to the court's continuing jurisdiction. Additionally, John was ordered to pay Cari's attorney fees in the amount of $28,153. The magistrate's decision indicated that "[t]his award is in the nature of support." The trial court rendered judgment in that amount, with execution stayed "so long as [John] pays the sum of $700.00 per month against the judgment." Further, in the event of a default or discharge in bankruptcy, the court retained jurisdiction "to award [Cari] additional spousal support from [John]." No appeal was taken from that decision.

{¶4} Approximately two months later, on June 30, 2011, Cari filed a motion to show cause and motion for attorney fees, claiming John failed to comply with the court-ordered monthly payment of spousal support and failed to make payments toward the court-ordered attorney fees. On July 18, 2011, John filed a motion to modify spousal support, alleging a change in circumstances. A hearing was held on the motions before a court magistrate. On December 31, 2013, the magistrate issued a decision that granted Cari's motions and denied John's motion. Both parties filed objections to the magistrate's decision.

{¶5} On July 23, 2014, the trial court issued a detailed decision sustaining John's objections and overruling Cari's objections. The court substituted its judgment for the magistrate's decision.

**{¶6}** Cari filed an appeal that was dismissed for lack of a final appealable order because the trial court had not resolved the issue of support arrears. After certified support calculations were filed and an opportunity to object was provided, the trial court issued a final judgment entry on May 20, 2016, that included the determination of support arrearage.

**{¶7}** Thereafter, Cari timely filed this appeal. She raises seven assignments of error for our review.

STANDARD OF REVIEW

**{¶8}** Civ.R. 53(D)(4)(d) instructs that a trial court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." On appellate review, a trial court's ruling on objections to a magistrate's decision will not be reversed absent an abuse of discretion. *Hissa v. Hissa*, 8th Dist. Cuyahoga Nos. 99498 and 100229, 2014-Ohio-1508, ¶ 17. An abuse of discretion implies a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

CONTEMPT — SPOUSAL SUPPORT

{¶9} We review a trial court's determination of contempt for an abuse of discretion. *Hissa* at ¶ 21. Under her first assignment of error, Cari claims the trial court erred by failing to hold John in contempt for nonpayment of spousal support and attorney fees from February 26, 2009, through April 20, 2011. That is the period of time from when the appeal in *Branden* I was decided until the trial court issued its decision upon remand imposing spousal support and awarding attorney fees. The trial court's April 20, 2011 decision was stated to modify "nunc pro tunc" the judgment entry of divorce of January 8, 2008. We recognize that the April 20, 2011 decision was not appealed. However, the trial court properly recognized that was an improper use of a nunc pro tunc order.

{¶10} "Civ.R. 60(A) permits a trial court, in its discretion, to correct clerical mistakes which are apparent on the record, but does not authorize a trial court to make substantive changes in judgments." *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100, 1996-Ohio-340, 671 N.E.2d 236. "[N]unc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." *Id.*, citing *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 163-164, 1995-Ohio-278, 656 N.E.2d 1288.

{¶11} The trial court could not effectuate substantive changes regarding the award of spousal support and attorney fees via a nunc pro tunc order. As a result of *Branden* I, the trial court's divorce decree was affirmed, but the matter was reversed and remanded

with regard to the determination of spousal support and attorney fees. Thus, John did not become obligated to Cari for spousal support until the April 20, 2011 decision of the trial court.

**{¶12}** Nonetheless, we recognize that the spousal support obligation was effectively imposed retroactively and the amounts were accounted for in the arrearage calculation. Further, the trial court found, and John concedes, that he was in contempt for failing to make any payments following the April 20, 2011 decision. Upon review, we overrule the first assignment of error.

CONTEMPT — ATTORNEY FEES AWARD

**{¶13}** Under her second assignment of error, Cari claims the trial court erred by failing to hold John in contempt for nonpayment of attorney fees. John admitted that he did not make any payments toward the attorney fees awarded to Cari. The trial court found that because the award of attorney fees in the amount of $28,153 had been reduced to judgment, it could not be enforced by contempt.

**{¶14}** The Supreme Court of Ohio has stated that "punishment for violation of divorce decree provisions does not impinge upon the constitutional prohibition against imprisonment for debts." *Pugh v. Pugh*, 15 Ohio St.3d 136, 142, 472 N.E.2d 1085 (1984), citing *Harris v. Harris*, 58 Ohio St.2d 303, 390 N.E.2d 789 (1979). Therefore, contempt proceedings may be brought for failing to comply with property division or support obligations in a divorce decree. *See Harris.* Nevertheless, the parties dispute whether a divorce litigant may be held in contempt for the failure to pay an obligation

reduced to judgment. There appears to be a split in authority on this issue. *See Barton v. Barton*, 2d Dist. Greene No. 2016-CA-12, 2017-Ohio-980, ¶ 134-135 (finding that subjecting a divorce litigant to contempt for failing to pay attorney fees awarded in a divorce decree does not violate the constitutional prohibition against imprisoning a party for debt); *Collette v. Baxter*, 9th Dist. Summit No. 25821, 2012-Ohio-1333, ¶ 12 (finding the fact that the trial court phrased its order in language akin to a judgment did not affect the court's ability to enforce its order by contempt proceedings); *Sizemore v. Sizemore*, 12th Dist. Warren No. CA2009-04-045, 2010-Ohio-1525, ¶ 18 (finding it was unconstitutional to hold a party in contempt for failing to pay a child support arrearage that had been reduced to a lump sum arrearage); *Gibson v. Gibson*, 5th Dist. Stark No. 2011-CA-00186, 2012-Ohio-1161, ¶ 36 (following *Sizemore*).[1]

{¶15} We find persuasive the court's reasoning in *Seaman v. Sloan*, 2016-Ohio-5432, 60 N.E.3d 1270 (6th Dist.), wherein the court looked to the nature of the obligation and found that because the lump sum judgment was in the nature of support, it did not violate the constitutional prohibition against imprisonment for debts. *Id*. at ¶ 25. Nonetheless, the court found the obligor could not be found in contempt because there was no continuing order to make monthly payments. *Id*. at ¶ 26. Rather,

---

[1] Contrary to appellee's argument, the decision in *Hissa*, 8th Dist. Cuyahoga Nos. 99498 and 100229, 2014-Ohio-1508, does not support application of *Sizemore* herein. In *Hissa*, the court did not reach the application of *Sizemore* because the property division debt had not been reduced to judgment, and the trial court did not make a finding of contempt for the failure to pay an award of attorney fees. *Hissa* at ¶ 23-28.

execution on the lump sum judgment was stayed on the condition of the obligor making payments. *Id.*

{¶16} In this case, the trial court recognized that the April 20, 2011 award of attorney fees had been reduced to judgment and that execution on that judgment had been stayed so long as John paid $700 per month against the judgment. The court recognized that Cari never appealed that decision, and that John's failure to pay the $700 per month had the effect of lifting the stay and permitting Cari to execute on the judgment. Therefore, the trial court did not find appellant in contempt. Upon this record, we find no abuse of discretion by the trial court. Appellant's second assignment of error is overruled.

TRANSFER OF 401(k)

{¶17} Under the third assignment of error, Cari claims the trial court erred by failing to transfer John's 401(k) to Cari as partial satisfaction of Cari's attorney fees. The trial court found that the magistrate incorrectly ordered the transfer of John's 401(k) to Cari as partial satisfaction of the judgment of attorney fees.

{¶18} R.C. 3105.73(D) authorizes a court to designate an award of attorney fees as spousal support. R.C. 3121.03(B)(1) gives the court jurisdiction to require, in satisfaction of a support order, the deduction of funds that are not exempt under the law from execution, attachment, or other legal process. A trial court may attach an obligor's funds to secure support payments. *Sherman v. Sherman*, 8th Dist. Cuyahoga No. 55711, 1989 Ohio App. LEXIS 4981, 11 (Oct. 5, 1989).

**{¶19}** The record reflects that the March 31, 2011 magistrate's decision deemed the award of attorney fees to Cari as "in the nature of support." Although the trial court erred by finding otherwise, the trial court also considered "the possible income tax ramifications of raiding [John's] 401(k) account to pay [Cari's] attorney fees" and declined to order the transfer of the 401(k) account. We must recognize that the language of R.C. 3105.73(B)(1) is permissive, not mandatory.

**{¶20}** We find that it was within the trial court's discretion to decline to order the transfer of John's 401(k) account in partial satisfaction of the outstanding attorney fees owed to Cari. Appellant's third assignment of error is overruled.

MODIFICATION OF SPOUSAL SUPPORT

**{¶21}** Under her fourth assignment of error, Cari claims the trial court erred by awarding a spousal support modification to John effective August 1, 2011, and requiring a recalculation of arrearages owed by John. It is not disputed that in the divorce decree the trial court expressly reserved jurisdiction to modify spousal support.

**{¶22}** A trial court's decision to modify spousal support will not be reversed absent an abuse of discretion. *Brzozowski v. Brzozowski*, 8th Dist. Cuyahoga No. 101013, 2014-Ohio-4820, ¶ 20. The party seeking the modification of spousal support has the burden of establishing the modification is warranted. *Id.* In order to warrant a modification of an existing order for spousal support, it must be shown that (1) "[t]he change in circumstances is substantial and makes the existing award no longer reasonable and appropriate[,]" and (2) "[t]he change in circumstances was not taken into account by

the parties or the court as a basis for the existing award when it was established or last modified[.]" R.C. 3105.18(F)(b). "'[W]hether modification is warranted depends on all the facts and circumstances relevant to the nature and amount of support per R.C. 3105.18(C).'" *Brzozowski* at ¶ 22, quoting *Tremaine v. Tremaine*, 111 Ohio App.3d 703, 707, 676 N.E.2d 1249 (2d Dist.1996).

{¶23} Initially, we must recognize that the March 31, 2011 magistrate's decision that was adopted by the trial court was issued upon remand from *Branden* I, and the spousal support determination was based on the parties' circumstances at the time of the parties' divorce. Thus, the change in circumstances was not taken into account as a basis for the spousal support award established therein.

{¶24} The magistrate recognized in the December 31, 2013 decision that with regard to the last spousal support order, the determination of John's income was from his employment by Visi-Track Worldwide, L.L.C., and was conservatively figured at $110,000. Evidence was presented that John left Visi-Track in April 2009 because his salary had been cut in half because of the company's drastic reduction in business from market decline. John became employed by Guardian Title at a base salary of $70,000, with the opportunity to earn commissions. However, credible evidence showed that John had not qualified for any commissions. The magistrate found there was "a significant change in circumstances relative to [John's] prior income." Additionally, there was evidence that Cari's income had increased from $24,000 to $34,257.60 per year. Other evidence also was introduced as to the parties' income and expenses. Despite finding

that each of the parties had experienced a significant change of circumstances that could warrant a modification of spousal support, the magistrate denied the motion to modify after considering John's failure to pay spousal support.

**{¶25}** The trial court determined that the motion to modify had merit and should have been granted. Further, the trial court determined that the magistrate had erroneously found an additional $6,000 per year should be added back to John's income. In determining the spousal support modification, the court used the FinPlan analysis and considered the tax consequences of a spousal support award, as required by R.C. 3105.18(C)(1)(l). The court further indicated it had considered the factors set forth in R.C. 3105.18(C) that had actually changed since the last order, and in particular considered R.C. 3105.18(a), which addresses the income of the parties from all sources. The court found that the remaining factors in R.C. 3105.18 had not changed and continued to justify a support award, but that the amount of the award was no longer appropriate and reasonable. After using the FinPlan analysis and reviewing the factors in R.C. 3105.18(C), the court modified the spousal support award to $1,275.00 per month, which it found appropriate and reasonable.

**{¶26}** Although Cari challenges the trial court's use of the FinPlan analysis, as stated by one court: "even though the court used the [FinPlan] analysis as a tool to calculate an even division of Husband's earnings, its underlying spousal support decision was based on the factors outlined in Section 3105.18(C), not a mathematical formula." *Organ v. Organ*, 2014-Ohio-3474, 17 N.E.3d 1192, ¶ 15 (9th Dist.).

**{¶27}** We find no abuse of discretion by the trial court in awarding John a modification of spousal support effective August 1, 2011, and requiring a recalculation of arrearages owed. Appellant's fourth assignment of error is overruled.

AWARD OF ADDITIONAL ATTORNEY FEES

**{¶28}** Under her fifth assignment of error, Cari argues that the trial court erred by failing to award her full attorney fees incurred from January 9, 2008, through April 22, 2013.

**{¶29}** The attorney fees Cari sought included the fees and expenses incurred during the appeal of *Branden* I, the subsequent remand and further proceedings before the trial court, as well as her fees incurred since the June 2011 decision of the trial court. The trial court found that Cari provided insufficient notice under due process principles to alert John to the fact that she was seeking fees incurred prior to June 30, 2011, and that she first articulated a request for appeal-related fees in May 2012, which was three years after *Branden* I was decided and almost one year after she filed her motion to show cause. We find no abuse of discretion in this determination.

**{¶30}** The trial court reduced the amount awarded by the magistrate from $18,500 to $5,800. The court awarded reasonable attorney fees that were directly related to Cari's prosecution of the motion to show cause. The court acted within its discretion in excluding amounts related to defending John's motion to modify spousal support, which was granted by the trial court, and by declining to award fees related to a motion to strike and/or dismiss John's motion to modify. The court also declined to award fees related to

a motion for protective order that was filed by plaintiff's counsel. The $5,800 attorney fees award was not designated as spousal support, and John was ordered to pay the amount as a condition of purging his contempt.[2] Finding no abuse of discretion, we overrule appellant's fifth assignment of error.

INTEREST

{¶31} Under her sixth assignment of error, Cari claims the trial court erred by failing to award interest from January 8, 2008. The trial court recognized the magistrate's determination that Cari had failed to comply with the terms of Loc.R. 20 of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division, relative to the calculation of any interest on sums owed to her. The court further found that Cari had failed to establish any legal basis for the interest sought, that no judgment of arrearages had ever been entered on which interest could accrue pursuant to R.C. 3123.17(A)(2), that postjudgment interest continued to accrue on the April 20, 2011 judgment of attorney fees of $28,153, and that prejudgment interest on the attorney fees was neither requested nor permissible.

{¶32} Loc.R. 20(F) of the Cuyahoga County Common Pleas Court, Domestic Relations Division, requires a party requesting interest on unpaid periodic support to submit a simple interest computation consistent with R.C. 1343.03 at the hearing, and states that the failure to do so "will result in a denial of the request." The record reflects

---

[2] A court may make the payment of attorney fees a condition of purging contempt and jail contemnors for failing to pay attorney fees. *Barton*, 2d Dist. Greene No. 2016-CA-12, 2017-Ohio-980, at ¶ 134.

that Cari did not submit a simple interest computation at the hearing, but rather she filed the computation as an exhibit to her written final argument on May 14, 2014. Furthermore, R.C. 3123.17(A)(2) authorizes the imposition of interest on support arrearages "from the date the court specifies as the date of default to the date the court issues the new order requiring the payment of support" if the court determines the default was willful. Thus, Cari's claim for prejudgment interest from January 8, 2008, was not legally permissible.

{¶33} As to any interest on attorney fees, the trial court properly determined that postjudgment interest should run on the judgment of attorney fees from April 20, 2011. Finding no abuse of discretion by the trial court, appellant's sixth assignment of error is overruled.

CONCLUSION

{¶34} Upon review, we find the trial court did not err by (1) declining to hold John in contempt for nonpayment of spousal support and attorney fees from February 26, 2009, through April 20, 2011; (2) declining to hold John in contempt for nonpayment of the April 20, 2011 court-ordered attorney fees; (3) declining to order the transfer of John's 401(k) to Cari in partial satisfaction of the outstanding attorney fees owed to Cari; (4) awarding John a spousal support modification and requiring a recalculation of arrearages owed; (5) declining to award Cari attorney fees from January 9, 2008, and those unrelated to pursuing her motion to show cause; and (6) not awarding interest from January 8, 2008.

{¶35} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
LARRY A. JONES, SR., J., CONCUR