[Cite as *Branden v. Branden*, 2020-Ohio-4134.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CARI C. BRANDEN,                              :

    Plaintiff-Appellant/            :
    Cross-Appellee,                            No. 108802

                                                      :

   v.                                         :

JOHN T. BRANDEN,                             :

    Defendant-Appellee/             :
    Cross-Appellant.                           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 20, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-06-310903

---

### *Appearances:*

Stafford Law Co., L.P.A., Joseph G. Stafford, and Nicole A. Cruz, *for appellant/cross-appellee.*

Ziccarelli & Martello and Mark A. Ziccarelli, *for appellee/cross-appellant.*

PATRICIA ANN BLACKMON, J.:

{¶ 1}   Plaintiff-Appellant/Cross-Appellee Cari C. Branden ("Cari") appeals from the judgment of the trial court that granted Defendant-Appellee/Cross-Appellant John T. Branden's ("John") motion to terminate and/or modify the spousal support award set forth in the parties' divorce decree.  John cross-appeals from the trial court's determination that the modification was effective May 10, 2016, the date that the court issued a final judgment entry on the issue of support arrearages, rather than July 10, 2015, the date that John's motion was filed.  Having reviewed the record and the controlling law, we affirm in all respects the decision of the trial court.

{¶ 2}   The parties were married in 1985 and had two children.  Cari filed for divorce in 2006.  The parties were granted a divorce in 2008.  At the time of the divorce, Cari was earning $24,000 and John was earning $110,000.  In light of their disparity in earnings, and given that Cari had been a stay-at-home mom for much of the marriage, the trial court ordered John to pay Cari $2,000 per month indefinitely as spousal support and $754.03 per month as child support for one of the parties' children who was not yet emancipated.  The trial court also ordered John to pay Cari's $30,000 attorney fees as additional spousal support and obtain a life insurance policy with a death benefit of not less than $ 500,000, designating Cari as the irrevocable beneficiary.  *See Branden v. Branden*, 8th Dist. Cuyahoga No. 91453, 2009-Ohio-866, ¶ 2-7 ("*Branden I*").  On appeal, this court reversed and remanded the matter for the trial court to, inter alia, clarify its reasoning and provide sufficient

detail relative to the factors set forth in R.C. 3105.18(C) for the basis of the spousal support and attorney fees awards. *Id.*

{¶ 3} "On remand, the court magistrate issued a decision on March 31, 2011, which purported to modify 'nunc pro tunc' the judgment entry of divorce of January 8, 2008, and that decision was adopted in its entirety by the trial court on April 20, 2011." *See Branden v. Branden*, 8th Dist. Cuyahoga No. 104523, 2017-Ohio- 7477, ¶ 3 ("*Branden II*"). As is relevant herein, John was again ordered to pay Cari spousal support in the amount of $2,000 per month for an indefinite period, subject to the court's continuing jurisdiction, but the additional support order for Cari's attorney fees was reduced to $28,153. *Id.* No appeal was taken from that decision.

{¶ 4} Later in 2011, Cari filed a motion to show cause, asserting that John was not in compliance with his payment obligations, and John filed a motion to modify spousal support, alleging that his earnings had been reduced to $70,000 per year. *See Branden II* at ¶ 4. In 2013, the magistrate granted Cari's motion and denied John's motion. Both parties filed objections.

{¶ 5} On July 23, 2014, the trial court sustained John's objections and overruled Cari's objections. The court determined that the spousal support and attorney fee awards were not effective until they were set forth in the trial court's April 20, 2011 judgment entry. The court also modified the spousal support award to $1,275 per month until Cari's "death, remarriage, or cohabitation." Cari appealed from that decision, and on February 3, 2015, this court concluded that the appeal

was not final because "the spousal support arrearage [amount] is not determined." *See Branden v. Branden*, 8th Dist. Cuyahoga No. 101825 (Feb. 3, 2015).

{¶ 6} Several months later, on July 10, 2015, John filed a motion to terminate spousal support, alleging that Cari was cohabitating with Nicole Barkley ("Barkley").[1]

{¶ 7} On May 10, 2016, the trial court issued its final judgment on the magistrate's 2013 decision that now included a determination of the amount of the support arrearage. *Branden II*, 2017-Ohio-7477, ¶ 6, 25. Cari appealed and challenged, inter alia, the modification of her spousal award to $1,275 and the court's refusal to award her "full" attorney fees. This court affirmed. *Id.* at ¶ 27, 35.

{¶ 8} The hearing on John's July 10, 2015 motion to terminate and/or modify spousal support was conducted on February 27, 2019 and May 13, 2019. Cari moved to dismiss this motion, arguing that it was implicitly denied when the trial court issued the May 10, 2016 judgment entry.

{¶ 9} On June 27, 2019, the trial court issued a judgment entry granting John's motion to terminate spousal support and denying Cari's motion to dismiss. In relevant part, the trial court found "overwhelming evidence" that John established the essential elements of cohabitation, and that there was a substantial change in circumstances pursuant to R.C. 3105.18. The trial court noted Cari's

---

[1] In June 2015, the United States Supreme Court held "that there is no lawful basis for a State to refuse to recognize a lawful same-sex marriage performed in another State on the ground of its same-sex character." *Obergefell v. Hodges*, 576 U.S. 644, 135 S.Ct. 2584, 192 L.Ed.2d 609 (2015).

increased earnings of $43,000. The court also found that Cari and Barkley have been cohabitating in a romantic relationship since 2013, and that their "sharing of significant housing expenses has enhanced [Cari's] economic situation." The court ordered that John's spousal support order be terminated "effective May 10, 2016."

## CARI'S APPEAL

{¶ 10} Cari assigns the following errors for our review:

I.      The trial court erred as a matter of law and abused its discretion in granting [John's] motion to terminate spousal support.

II.     The trial court erred and abused its discretion by allowing [John] to read into evidence the deposition transcript of [Barkley].

## Cohabitation

{¶ 11} In her first assigned error, Cari argues that the trial court erred in terminating the spousal support order because it was without jurisdiction to do so, and because evidence required under R.C. 3105.18 was not presented herein.

{¶ 12} Beginning with the issue of jurisdiction, Cari asserts that John's July 2015 motion to terminate was "merged into the trial court's May 10, 2016 Judgment Entry" which, she claims, "resolved all pending motions," thereby implicitly denying John's pending motion to terminate support.

{¶ 13} The doctrine of merger provides:

In a domestic relations action, interlocutory orders are merged within the final decree, and the right to enforce such interlocutory orders does not extend beyond the decree, unless they have been reduced to a separate judgment or they have been considered by the trial court and specifically referred to within the decree.

*Colom v. Colom*, 58 Ohio St.2d 245, 389 N.E.2d 856 (1979), syllabus.

{¶ 14} *Colom* involved an attempt to collect temporary alimony following the issuance of a divorce decree that did not mention an arrearage. However, this matter does not involve a temporary or interlocutory, prefinal decree, motion for temporary relief prior to the issuance of a final order. *See Nwabara Nwabara v. Willacy*, 8th Dist. Cuyahoga Nos. 79416 and 79717, 2002-Ohio-1279 (stating, in dicta, that because matter concerned award of past support and not an award of temporary alimony, it was distinguishable from *Colom*). Here, John's July 2015 motion was filed years after the final divorce decree and concerned a postdecree claim for termination of spousal support. *Colom* is inapplicable herein.

{¶ 15} Cari maintains, however, that John's July 2015 motion to terminate spousal support was implicitly denied in May 2016 when the trial court issued a final appealable order in *Branden II*, 2017-Ohio-7477. The rule on implicit denials of pending motions was stated in *Kostelnik v. Helper*, 96 Ohio St.3d 1, 3, 2002-Ohio-2985, 770 N.E.2d 58, as follows: "[a] motion not expressly decided by a trial court when the case is concluded is ordinarily presumed to have been overruled." *Id.*, citing *State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 469, 692 N.E.2d 198 (1988). Here, however, well after the issuance of the final decree, John filed the July 2015 postdecree motion to terminate spousal support pursuant to the continuing jurisdiction of Civ.R. 75, claiming a change in circumstances. This postdecree motion was not heard during the pendency of the appeal in *Branden II*, 2017-Ohio-7477. It involved a claim for termination of support, so it was independent of the then-pending appeal of the claim for arrearages and motion to modify, and there is

no basis to presume that it was implicitly denied. *Accord Jefferson Capital Sys. v. Gibson*, 8th Dist. Cuyahoga No. 108384, 2019-Ohio-4793, ¶ 18.

{¶ 16} Cari also makes the related argument that the trial court was without jurisdiction to consider John's 2015 motion to terminate support once the May 2016 final appealable order in *Branden II* was issued. Conversely, she argues that the court's consideration of the motion undermines this court's jurisdiction in *Branden II*, rendering it "void ab initio."

{¶ 17} We begin our analysis of these claims by recognizing that "[a] notice of appeal divests the trial court of jurisdiction over that part of the final order, judgment or decree which is sought to be reviewed." *Majnaric v. Majnaric*, 46 Ohio App.2d 157, 158, 347 N.E.2d 552 (8th Dist.1975).

{¶ 18} Additionally, Civ.R. 75 authorizes certain relief pending appeal. Under Civ.R. 75(H):

> A motion to modify, pending appeal, either a * * * a spousal or other support order, shall be made to the trial court in the first instance, whether made before or after a notice of appeal is filed. The trial court may grant relief upon terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party and in the best interests of the children involved. Civ.R. 62 (B) does not apply to orders allocating parental rights and responsibilities for the care of children or a spousal or other support order. An order entered upon motion under this rule may be vacated or modified by the appellate court. The appellate court has authority to enter like orders pending appeal, but an application to the appellate court for relief shall disclose what has occurred in the trial court regarding the relief.

{¶ 19} This continuing jurisdiction "'may be invoked by the filing of any motion by a party.'" *State ex rel. Soukup v. Celebrezze*, 83 Ohio St.3d 549, 551, 1998-

Ohio-8, 700 N.E.2d 1278, quoting *Blake v. Heistan*, 99 Ohio App.3d 84, 87, 649 N.E.2d 1304 (3d Dist.1994). *See also Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, at ¶ 15; *State ex rel. Lisboa v. Galvin*, 8th Dist. Cuyahoga No. 92525, 2009-Ohio-969, ¶ 8; *Barton v. Barton*, 2017-Ohio-980, 86 N.E.3d 937, ¶ 75-76 (2d Dist.).

{¶ 20} Here, John's 2015 motion to terminate was filed pursuant to Civ.R. 75's continuing jurisdiction. It was also heard after the appeal in *Branden II* was complete, and was not inconsistent with appellate jurisdiction in *Branden II*. It did not undermine our jurisdiction in *Branden II*.

{¶ 21} Moreover, the trial court was also within its jurisdiction in considering the motion. As this court stated in *Lisboa*:

> Lisboa avers that "[t]he adjudication [in the December 4, 2008 journal entry] of any of the cited motions directly relating to the divorce judgment under appeal interferes and is inconsistent with the jurisdiction of the appellate court." Complaint, ¶7. He has not, however, averred specific facts indicating how any of the motions which were the subject of respondent's December 4, 2008 order were related to the motions which respondent determined in her October 2, 2008 entry. *See State ex rel. Boccuzzi v. Cuyahoga Cty. Bd. of Commrs.*, 112 Ohio St.3d 438, 2007-Ohio-323, 860 N.E.2d 749, at ¶19; Loc.App.R. 45(B)(1)(a) ("All complaints must contain the specific statements of fact upon which the claim of illegality is based and must be supported by an affidavit from the plaintiff or relator specifying the details of the claim."). He has not, therefore, averred facts which indicate that respondent's exercise of jurisdiction was "inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from." *In Re S.J.,* [106 Ohio St.3d 11, 2005-Ohio3215, 829 N.E.2d 1207, ¶ 9].

*Id.* at ¶ 8.

{¶ 22} Similarly, the trial court determined the issue as follows:

Between the Magistrate's Decision of December 31, 2013, and this Court's ruling on objections to that decision, Defendant filed a post-decree motion at issue. That motion could not have been set for hearing with the other motions decided in May of 2016 because its filing post-dated the hearing, as well as the Magistrate's Decision; it was and is, therefore, still pending. Defendant's motion is not ancillary to either motion which was decided by the May 10, 2016 Judgment Entry. This Court's May 10, 2016 order likewise did not implicitly deny the motion filed in July of 2015.

{¶ 23} In accordance with all of the foregoing, this portion of the assigned error lacks merit.

{¶ 24} With regard to Cari's next argument that there is insufficient evidence to support the termination of the support order, we note that "[w]hether or not a particular arrangement rises to that lifestyle known as 'cohabiting' is a factual question to be initially determined by the trial court." *Dickerson v. Dickerson*, 87 Ohio App.3d 848, 851, 623 N.E.2d 237 (6th Dist.1993); *Czalkiewicz v. Czalkiewicz*, 8th Dist. Cuyahoga No. 104654, 2017-Ohio-747, ¶ 16; *Moell v. Moell*, 98 Ohio App.3d 748, 752, 649 N.E.2d 880 (6th Dist.1994). The trial court's determination cannot be overturned if supported by competent, credible evidence. *Hall v. Hall*, 8th Dist. Cuyahoga No. 77804, 2001 Ohio App. LEXIS 1167 (Mar. 15, 2001), citing *Gillespie v. Gillespie*, 8th Dist. Cuyahoga No. 65518, 1994 Ohio App. LEXIS 2852 (June 30, 1994*). See also Fuller v. Fuller*, 10 Ohio App.3d 253, 461 N.E.2d 1348 (10th Dist.1983); *Laveer v. Laveer*, 5th Dist. Delaware No. 12 CAF 12 0086, 2013-Ohio-3294, ¶ 40; *Raska v. Raska*, 2018-Ohio-3921, 120 N.E.3d 469, ¶ 28 (2d Dist.).

{¶ 25} The *Dickerson* court identified the following three principal relevant considerations: (1) an actual living together; (2) of a sustained duration; and (3) with shared expenses with respect to financing and day-to-day incidental expenses. *Id.* at 850, citing *Birthelmer v. Birthelmer*, 6th Dist. Lucas No. L-83-046, 1983 Ohio App. LEXIS 11576 (July 15, 1983). The *Dickerson* court did not rule out consideration of other factors and did not dictate the relative weight to be afforded each of the three factors. *Id.* at fn. 2.

{¶ 26} In *Hoopes v. Hoopes*, 8th Dist. Cuyahoga No. 106855, 2018-Ohio-5232, this court further recognized:

> Unlike the death of a payee spouse that would be grounds for automatic termination of spousal support, "a party's remarriage does not automatically terminate an award of spousal support." *Meeks v. Meeks,* 10th Dist. Franklin No. 05AP-315, 2006-Ohio-642, ¶ 48. That part of the court's order stating that spousal support would terminate upon Brenda's remarriage or cohabitation with another in a relationship tantamount to marriage was error.
>
> Remarriage or cohabitation with another in a relationship tantamount to marriage may, however, be grounds for showing a change of circumstances warranting modification of spousal support under R.C. 3105.18(E), provided that the court specifically retains jurisdiction to modify spousal support consistent with R.C. 3105.18(E). *Kimble* [*v. Kimble*, 97 Ohio St.3d 424, 2002-Ohio-6667, 780 N.E.2d 273,] at ¶ 10*; Mlakar v. Mlakar*, 8th Dist. Cuyahoga No. 98194, 2013-Ohio-100, ¶ 20. Whether a payee spouse's circumstances have changed in a manner that warrants modification or termination of spousal support can only be determined after a full hearing on the matter. The court did, in this case, retain jurisdiction to modify spousal support.

*Id.* at ¶ 22-23.

{¶ 27} Here, the court retained jurisdiction and held a full hearing on John's motion to terminate. The court concluded that there was overwhelming evidence

that Cari and Barkley were cohabitating, and the court also determined, after applying and specifically citing to R.C. 3105.18, that circumstances changed in a manner that warranted termination of spousal support. The trial court found, and the record clearly demonstrated that Cari and Barkley have been living together in a romantic relationship since 2013. They share significant financial expenses such as housing as well as day-to-day expenses. They both contribute $1,500 each month to a joint checking account from which they paid the mortgage, the homeowner's fees, utilities, and groceries. They have purchased real estate together and have moved together for Barkley's employment. Although Cari described financial struggles, the court found that she has purchased a condominium with Barkley for $310,000. During the pendency of the hearing, it was listed for sale for $369,000 and sold for $345,000. Cari has moved with Barkley for Barkley's job, has $12,000 in savings, has travelled, and is able to support herself without spousal support from John so "the existing award of spousal support is no longer reasonable or appropriate. R.C. 3105.18(F)(1)(b)." As of the date of the hearing, Cari had $12,000 in her savings account. Therefore, while cohabitation does not automatically terminate an award of spousal support, in this instance it clearly significantly enhances Cari's economic situation and constitutes a change in circumstances that warrants termination of spousal support. There is abundant competent, credible evidence to support the trial court's ruling. The judgment of the trial court establishes the requisite showing for cohabitation and comports with *Hoopes* and the requirements of R.C. 3105.18.

**{¶ 28}** Cari additionally complains that the trial court erred in modifying the spousal support award because the parties did not submit income and expense information as required by Loc.R. 19(F). We must consider whether the court's failure to require the income and expense statements prejudiced Cari. *See Calhoun v. Calhoun*, 8th Dist. Cuyahoga No. 93369, 2010-Ohio-2347, ¶ 18. Here, during the May 13, 2019 hearing, Cari extensively cross-examined John about his finances. In its decision, the trial court also noted other evidence, including that Cari resold the Missouri condominium for $345,000, she has no outstanding loans, is current on her mortgage, has $12,000 in savings, and now earns $43,000, an increase from her prior earnings of $34,257. In light of the record, we find no error.

**{¶ 29}** This portion of the assigned error is without merit.

**{¶ 30}** The first assigned error is without merit.

### Barkley's Deposition

**{¶ 31}** Cari next argues that the trial court erred in permitting John to read Barkley's deposition testimony into evidence because by the first date of the hearing, Barkley was residing in Cincinnati, Ohio, so she was not "unavailable" within the meaning of Evid.R. 804(B)(1).

**{¶ 32}** A trial court has broad discretion in determining the admissibility of evidence in any particular case so long as such discretion is exercised in line with the rules of procedure and evidence. *Rigby v. Lake City*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991). In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not

merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 33} Civ.R. 32(A) states in relevant part:

At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any one of the following provisions:

(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:

* * *

(b) that the witness is beyond the subpoena power of the court in which the action is pending or resides outside of the county in which the action is pending unless it appears that the absence of the witness was procured by the party offering the deposition; or (d) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena[.]

{¶ 34} Evid.R. 804(B)(1) allows the use of former testimony, including depositions, when the declarant is unavailable. In defining unavailability, Evid.R. 804(A)(5) requires that the witness "is absent from the hearing and the proponent of his statement has been unable to procure his attendance * * * by process or other reasonable means."

{¶ 35} In this matter, the trial court granted John's motion for an order commissioning the taking of Barkley's deposition on February 12, 2016, and granted his emergency motion to settle deposition dates several months later. Barkley's deposition was taken in St. Louis, Missouri on October 15, 2016, and the transcript was filed with the court on November 4, 2016. At the start of the February 27, 2018

hearing, Cari's counsel apprised the court that Barkley was not "unavailable" because she and Cari had moved to Cincinnati three weeks earlier. The court ruled that Barkley was unavailable pursuant to Evid.R. 804(B)(1) because she resided out of state at the time her deposition was taken. As to the couple's current residence in Cincinnati, the court noted that Cari did not timely notify John or the court of their new residence, and, in any event, Cincinnati is "beyond subpoena power of the court under Civ.R. 32(A)(3)." In any event, we would also note that Cari's testimony largely mirrored Barkley's testimony. Therefore, we conclude that the trial court's judgment is not unreasonable, arbitrary, or unconscionable and not an error of law. We find no abuse of discretion in allowing Barkley's deposition testimony to be read into evidence.

{¶ 36} This assigned error is without merit.

## JOHN'S CROSS-APPEAL

{¶ 37} John assigns the following errors for our review:

I.     The trial court erred as a matter of law and abused its discretion in not ordering the termination of spousal support effective when [John's] motion was filed.

II.    The trial court erred and abused its discretion by awarding [Cari] the sum of $26,061.

## Effective Date of Termination Order

{¶ 38} John argues that the trial court abused its discretion in failing to order the termination of spousal support effective as of the July 10, 2015 filing date.

{¶ 39} In *Phelps v. Saffian*, 8th Dist. Cuyahoga No. 106475, 2018-Ohio-4329, this court stated:

> As a general rule, because of the time it takes to modify child support orders, an order modifying child support order may be made retroactive to the date the motion to modify child support was filed unless special circumstances dictate otherwise. *See, e.g., Oatey v. Oatey*, 8th Dist. Cuyahoga Nos. 67809 & 67973, 1996 Ohio App. LEXIS 1685, 41; *Winn v. Wilson*, 12th Dist. Butler No. CA2017-04-052, 2018-Ohio-1010, ¶ 39; *K.S. v. K.B.*, 6th Dist. Fulton No. F-17-005, 2017-Ohio-7103, ¶ 6.

*Id.* at ¶ 37.

{¶ 40} Here, the trial court ruled:

> [i]t is inequitable to terminate spousal support as of the date [John] filed his motion based on the history of delays in this case, the numerous legal actions that prolonged any finality, and the absence of sufficient evidence at hearing to show the financial impact [Cari's] cohabitation as far back as July of 2015.

> Therefore, it is the order of this Court that the spousal support award of $1,275.00 per month shall terminate effective July 27, 2018, the date hearing on the motion began.

{¶ 41} The date chosen by the trial court coincides with a date of significance, i.e., the date on which the court concluded that John presented sufficient evidence to show that cohabitation with Barkley has enhanced and significantly improved Cari's economic situation and constitutes a change of circumstances warranting termination of the support order. Further, after considering the extensive delays in this matter due to the prior appeal and other events, the trial court determined that retroactive termination would be inequitable. We concur with this reasoning, and we find no abuse of discretion.

{¶ 42} This assigned error lacks merit.

## Monetary Award

{¶ 43} John next asserts that the trial court erred in ordering him to pay $21,961 to Cari as past due support from the funds on hold with CSEA.

{¶ 44} The record shows that during virtually the entire pendency of this case, John owed support arrearages. By the time of the hearing on the motion to terminate support, a payment history exhibit offered into evidence by Cari demonstrated that John owed Cari over $20,000. We find no abuse of discretion.

{¶ 45} The judgment of the trial court is affirmed.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

EILEEN T. GALLAGHER, A.J., and
ANITA LASTER MAYS, J., CONCUR