[Cite as *Hill v. French*, 2023-Ohio-3406.]

## COURT OF APPEALS OF OHIO

### SIXTH APPELLATE DISTRICT
### COUNTY OF LUCAS

| | | |
|---|---|---|
| JASON A. HILL, | : | |
| Plaintiff-Appellee, | : | No. L-23-1085 |
| v. | : | |
| JANICE E. FRENCH, | : | |
| Defendant-Appellant. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; REVERSED IN PART; AND REMANDED
**RELEASED AND JOURNALIZED:**

---

Civil Appeal from the Lucas County Court of Common Pleas
Domestic Relations Division
Case No. DR-12-0193

---

### *Appearances:*

Jason A. Hill, *pro se.*

Michael R. Bassett, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} This appeal is before this court upon the accelerated calendar. *See* App.R. 11.1; 6th Dist.Loc.App.R. 12. "The accelerated calendar is designed to provide a means to eliminate delay and unnecessary expense in effecting a just

decision on appeal and by the recognition that some cases do not require as extensive or time consuming procedure as others." App.R. 11.1(A). "The appeal will be determined as provided by App.R. 11.1" and in accordance therewith, "[i]t shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form." App.R. 11.1(E).

{¶ 2} Defendant-appellant Janice E. French (J.F.) and plaintiff-appellee Jason A. Hill (J.H.) were divorced in 2014. Since then, the parties have been involved in extensive post-divorce litigation, which has included multiple appeals from the rulings of the trial court. In the latest appeal, J.F. appeals from the "Order on Motions" decision of the trial court that was filed on March 7, 2023. In that decision, the trial court ruled upon the limited issue of attorney fees that was remanded by a prior appeal to this court in *J.H. v. J.F.*, 6th Dist. Lucas No. L-20-1077, 2021-Ohio-24, ¶ 61, 66. Additionally, the trial court ruled on various motions that were pending before it. J.F. has raised five assignments of error for review.

{¶ 3} Under her first assignment of error, J.F. challenges the trial court's decision to grant in part J.H.'s motion to modify conditions of parenting time and to order that "[t]he minor children shall have no contact with maternal grandmother until further order of the court." J.F. claims the trial court's decision was unsupported by any competent, credible evidence and advances several arguments against the trial court's order.

{¶ 4} A trial court "enjoys broad discretion when setting parenting time and determining the conditions under which parenting time will take place." *Cwik v. Cwik*, 1st Dist. Hamilton No. C-090843, 2011-Ohio-463, ¶ 42. We review the trial court's decision to modify the conditions of parenting time under an abuse-of-discretion standard, as guided by the statutory best-interest factors set forth in R.C. 3109.051(D). *See id.*; *see also Wilfong v. Bush*, 1st Dist. Hamilton No. C-220308, 2023-Ohio-1256, ¶ 18, citing *Veach v. Adams*, 2022-Ohio-4031, 203 N.E.3d 1, ¶ 10 (1st Dist.); *Row v. Row*, 6th Dist. Lucas No. L-21-1231, 2022-Ohio-2525, ¶ 9-10. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 5} In this case, the trial court considered all the statutory best-interest factors listed in R.C. 3109.051(D) and carefully reviewed the evidence presented.[1] The trial court focused on the best interest and well-being of the minor children. The trial court recognized that in a prior journal entry issued on March 17, 2020, J.F.'s and maternal grandmother's behavior had been found to contribute to the alienation between J.H. and the minor children and it had been specifically ordered that neither party "or person living in the parent's home shall interfere with the children's relationship with the other parent or engage in any behavior that is

---

[1] The trial court also noted that certain factors were particularly instructive in this case, including the factors set forth in R.C. 3109.051(D)(1) (prior interaction and interrelationships of the child), (7) (health and safety of the child), (9) (mental and physical health of all parties), and (16) (any other factor in the child's best interest).

negative towards the other parent, is disparaging toward the other parent, or adversely effects the relationship that the child has with the other parent." The trial court discussed facts that have arisen and concerning behaviors that have persisted since said journal entry was issued, which are supported by the record. The trial court also noted J.F.'s testimony, which reflected she had not talked to her parents about changing their behavior, did not see the behavior as alienating or concerning, and did not believe grandmother would "knock it off" if J.F. asked. As the trial court determined, "[J.F.] values her mother's 'right to social justice' over the minor children's relationship with [J.H.]." In reviewing the testimony and evidence presented, the trial court aptly observed "the issue remains the continued disparagement of [J.H.] as a threat to the parties' three (3) children" and "[J.F.'s] and maternal grandmother's consistent failure to accept personal responsibility for their actions."

{¶ 6} The trial court recognized that J.F. was residing in a multi-generational household with her children and parents and did not "make this order lightly." The trial court determined, based on the evidence presented, that "[J.F.] and maternal grandmother continue to be a threat to [J.H.'s] relationships with his children" and that the continued pattern of conduct was contrary to the prior order of the court. The trial court modified the conditions of J.F.'s parenting time in part by ordering no contact with maternal grandmother.

{¶ 7} We have thoroughly reviewed the record and the evidence presented, and we do not find the trial court's attitude was unreasonable, arbitrary, or

unconscionable.[2] We are not persuaded by the arguments raised by J.F. Although the situation is unfortunate, the trial court considered the best-interest factors, its decision is supported by the record, and there was no abuse of discretion by the trial court.[3] The first assignment of error is overruled.

{¶ 8} Under the second assignment of error, J.F. claims the trial court's decision was retaliatory and denied J.F. her due process rights. J.F. believes that she has been penalized for what she claims the trial court viewed as filing an excessive number of motions and that this was not a valid reason to deny the children contact with their grandmother. It is readily apparent that this was not the basis for the trial court's decision. Rather, the trial court considered the statutory best-interest factors set forth in R.C. 3109.051(D), and its decision was supported by evidence in the record. The cautionary remarks from the court were not prejudicial or otherwise improper. Furthermore, J.F.'s disagreement with the decision or the trial court's weighing of the evidence is insufficient to demonstrate the trial court abused its discretion. *See Spillane v. Spillane*, 12th Dist. Butler No. CA2019-12-206, 2020-Ohio-5052, ¶ 32. The second assignment of error is overruled.

---

[2] We are not persuaded by J.F.'s arguments otherwise and find the factual circumstances in *Callender v. Callender*, 7th Dist. Carroll No. 03-CA-790, 2004-Ohio-1382, upon which J.F. relies, to be distinguishable.

[3] We note that "grandparents have no constitutional right of association with their grandchildren." *In re Martin*, 68 Ohio St.3d 250, 252, 626 N.E.2d 82 (1994), citing *In re Schmidt*, 25 Ohio St.3d 331, 336, 496 N.E.2d 952 (1986). Rather, the only right for grandparents to visit their grandchildren "must be provided for by statute" and "the Ohio statutes allow visitation only if it is in the grandchildren's best interest." *Id.*, citing *In re Whitaker*, 36 Ohio St.3d 213, 217, 522 N.E.2d 563 (1988).

{¶ 9} Under the third assignment of error, J.F. claims the trial court's allocation of the tax dependency exemptions was in error. In this matter, J.F. is the residential parent of one of the parties' three children, and J.H. is the residential parent of two of the children. The trial court allocated the tax dependency exemptions to the residential parent, determining that J.F. would claim K.H. as a dependent for tax purposes in all applicable tax years and that J.H. would claim R.H. and F.H.

{¶ 10} We review the trial court's decision allocating the tax dependency exemptions for an abuse of discretion. *King v. King*, 6th Dist. Wood No. WD-20-087, 2021-Ohio-2970, ¶ 45, citing *In re J.H.*, 7th Dist. Jefferson No. 10 JE 15, 2011-Ohio-6536, ¶ 13. There is a presumption that the residential parent is entitled to the tax dependency exemption. *Id.*, citing *King v. King*, 4th Dist. Jackson No. 12CA2, 2013-Ohio-3426, ¶ 4; *see also* 26 U.S.C. 152(e). However, if the parties are not in agreement, R.C. 3119.82 permits the court to award the tax dependency exemption to the nonresidential parent if the court determines the award furthers the best interest of the child. *Id.*, citing *King*, 4th Dist. Jackson No. 12CA2, 2013-Ohio-3426, at ¶ 4. In making this determination, the court must consider "any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children." R.C. 3119.82. "The non-residential parent bears the burden to provide any

information needed to overcome the presumption" in favor of the residential parent. *Loewen v. Newsome*, 9th Dist. Summit No. 28107, 2018-Ohio-73, ¶ 64, citing *Geschke v. Geschke*, 9th Dist. Medina Nos. 3266-M and 3268-M, 2002-Ohio-5426, ¶ 32.[4]

{¶ 11} In challenging the trial court's decision, J.F. points to the living arrangement of the children and argues she essentially has 1.5 children with her at all times and shares in 50 percent of their expenses. However, these are not the only factors that a trial court considers and does not alone demonstrate there was an abuse of discretion. For instance, the record reflects that J.H. has a higher annual income than J.F., and "[a] net tax savings to the parent usually equates to more money being available for the care of the child, and is one of the five factors that a court is required to weigh according to R.C. 3119.82." *Hilbert v. Hilbert*, 2016-Ohio-8099, 74 N.E.3d 977, ¶ 40 (12th Dist.); *see also Stahl v. Stahl*, 9th Dist. Summit No. 27876, 2017-Ohio-4170, ¶ 24. Moreover, "the general rule is that the tax exemption may be awarded to a non-custodial parent only when doing so serves the best interests of the child." *In re Taylor G.*, 6th Dist. Lucas No. L-05-1197, 2006-Ohio-1992, ¶ 23, citing *Bobo* at 332.

{¶ 12} The trial court's decision reflects that it "considered the evidence presented by both parties, the presumption that the residential parent shall claim

---

[4] "[I]f a trial court exercises the authority to allocate a child dependency deduction to the noncustodial parent, the record must show that the interest of the child has been furthered." *Bobo v. Jewell*, 38 Ohio St.3d 330, 332, 528 N.E.2d 180 (1988).

the minor children, and the factors contained in R.C. 3119.82."[5]  The trial court found "no good cause to rebut the statutory presumption" and awarded the tax dependency exemption to the residential parent of each child.  R.C. 3119.82 does not require the trial court to state the factors it considered or its reasons on the record. *In re Taylor G.* at ¶ 26.

{¶ 13} Because J.F. failed to demonstrate the allocation of the tax dependency exemption to the noncustodial parent was in the best interest of the child, we find no abuse of discretion by the trial court.  The third assignment of error is overruled.

{¶ 14} Under the fourth assignment of error, J.F. asserts that the trial court's decision regarding attorney fees fails to follow the mandate of this court, and she raises several challenges to the trial court's award of attorney fees upon remand.

{¶ 15} We review the trial court's determination on attorney fees for an abuse of discretion.  We recognize that "most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).  "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

---

[5] This case is distinguishable from *Branden v. Branden*, 8th Dist. Cuyahoga No. 91453, 2009-Ohio-866, which is cited by J.F., wherein the trial court simply allocated the exemption without any indication that it made the appropriate considerations and did not even refer to R.C. 3119.82.

{¶ 16} In *J.H.*, 6th Dist. Lucas No. L-20-1077, 2021-Ohio-24, this court found no abuse of discretion by the trial court in awarding attorney fees to J.H. and that the hourly rate of $200 charged by J.H.'s attorney was reasonable. *Id.* at ¶ 56-57. However, we recognized that "the court awarded J.H. attorney fees for his contempt motion, yet it granted him recovery for his entire fee bill." *Id.* at ¶ 61. J.H. had argued that the contempt motion and the motion to terminate the shared parenting plan shared common core facts and that the award was proper under R.C. 3105.73(B). *Id.* Because the trial court's journal entry lacked sufficient clarity, this court reversed the attorney-fees total in the amount of $18,145 and remanded the matter for further proceedings as to the amount. *Id.* at ¶ 2, 61. This court further directed the trial court to revisit the issue of attorney fees and litigation expenses under R.C. 3105.73(B). *Id.* at ¶ 66. Consistent with the mandate from this court, upon remand, the trial court considered these issues.

{¶ 17} First, pursuant to R.C. 3109.051(K), the trial court determined the reasonable attorney fees that arose in relation to the contempt finding of the court, which was made in the March 17, 2020 journal entry. The trial court considered the testimony from the hearing held on December 10-11, 2019, and noted that the first motion J.H. filed to invoke the continuing jurisdiction of the court was a combined motion to vacate shared parenting plan and motion to show cause, which was followed by various other motions. The trial court discussed the testimony of J.H.'s attorney, who stated that the issues in the motions to show cause were "intertwined" with the issues in J.H.'s motion to terminate the parties' shared parenting plan, that

all of the motions were related to parenting-time issues between the parties, and that J.F.'s denial of parenting time was an important part of the discussions. The trial court also considered that J.H.'s attorney testified that "maybe an hour or two" of time was related to matters wholly separate from the contempt and that J.F. pointed to only three items on the fee statement that might not be related to the contempt finding, which the trial court evaluated. After reviewing the attorney-fee statement, the trial court found "all of [J.H.'s] attorney's fees except 4.2 hours arose from acts related to the motion for contempt." The trial court awarded reasonable attorney fees pursuant to R.C. 3109.051(K) in the amount of $17,305. We have considered the arguments presented and find no abuse of discretion by the trial court. We affirm this portion of the attorney-fees award.

{¶ 18} Next, the trial court considered J.H.'s request for an award of litigation expenses and attorney fees pursuant to R.C. 3105.73(B), which applies to post-decree motions or proceedings and permits the court to award "all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable."

{¶ 19} The trial court considered the parties' income and the conduct of the parties. The trial court specifically addressed the guardian-ad-litem fees and the cost of psychological evaluation and determined "each party shall pay their own litigation expenses, including court costs and fees related to any court appointed professional, as previously ordered." However, the trial court then determined that "[J.F.] shall pay the remainder of [J.H.'s] attorney's fees not related to the motion

for contempt in the amount of $840.00." The trial court did not offer any reasons for this award. Because we find no sound reasoning process supports a finding that the $840 attorney-fee award is equitable, we reverse this portion of the award.

{¶ 20} Finally, J.F. claims that the trial court failed to credit her with $9,072.50 that she already paid. J.H. does not dispute that this amount has been paid. Therefore, upon remand, the trial court shall credit J.F. with any amounts paid. We overrule in part and sustain in part the fourth assignment of error.

{¶ 21} Under the fifth assignment of error, J.F. asserts that the trial court's order precluding her from recording J.H. was dangerous and inappropriate. She fails to cite to any relevant portions of the record and cites no authority to support her argument. Our review reflects there is evidence in the record that shows not only had J.F. engaged in behavior of recording J.H., including at a counseling session without his consent or prior disclosure, but one of the children had provided a 48-minute recording of J.H. The trial court observed that a caseworker stated at no point on the recording was J.H. aggressive or yelling and the caseworker had no concerns with J.H.'s home or otherwise. The trial court ordered that "[J.F.] immediately cease recording the minor children and/or [J.H.]." We find no abuse of discretion by the trial court in imposing this condition and overrule the fifth assignment of error.

{¶ 22} Judgment affirmed in part and reversed in part. We remand the case to the trial court with instructions to vacate the $840 attorney-fee award and to credit J.F. with any amounts paid.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *See also* 6th Dist.Loc.App.R. 4.


EILEEN A. GALLAGHER, P.J.

_____
Presiding Judge


MARY J. BOYLE, J.,

_____
Judge


SEAN C. GALLAGHER, J.

_____
Judge

CONCUR

(Sitting by assignment: Eileen A Gallagher, P.J., Mary J. Boyle, J., and Sean C. Gallagher, J., of the Eighth District Court of Appeals.)